Argued and submitted November 1, 1999, reversed and remanded April 19, 2000

In the Matter of the Compensation of
Jodie M. Dubose, Claimant.

SAIF CORPORATION
and Evergreen Restaurant Group,
*Petitioners,*

*v.*

Jodie M. DUBOSE,
*Respondent.*

(WCB 97-01993; CA A103853)

999 P2d 529

Julene M. Quinn argued the cause and filed the brief for petitioners.

Edward J. Harri argued the cause for respondent. With him on the brief were James C. Egan and Kryger, Alexander, Egan and Elmer, P.C.

Before Landau, Presiding Judge, and Linder, and Brewer, Judges.

LINDER, J.

**LINDER, J.**

SAIF petitions for review of a Workers' Compensation Board (Board) order setting aside SAIF's denial of a claim, which SAIF based on claimant's failure to cooperate and assist in its investigation. At issue here is whether ORS 656.262(15) requires a worker specifically to request an "expedited hearing" on a claim denied for "worker noncooperation." We conclude that it does and that, because claimant did not request an expedited hearing, the administrative law judge (ALJ) did not have authority to consider claimant's excuse for noncooperation. Consequently, the Board erred in affirming the ALJ's order. We therefore reverse and remand.

Claimant filed a claim for workers' compensation benefits based on a diagnosis of carpal tunnel syndrome and situational anxiety, the cause of which she attributed to her work as an assistant manager of a McDonald's restaurant. SAIF scheduled claimant for an independent medical examination (IME), notified her of the date, time, and place of the IME, and reminded claimant of her obligation to cooperate and assist in the investigation of her claim. *See* ORS 656.262(14). Claimant did not attend the IME. On January 24, 1997, the Department of Consumer and Business Services (DCBS) notified claimant that it would be suspending her compensation benefits for "noncooperation" based on her failure to attend the IME. DCBS later issued an order suspending benefits and allowing SAIF to deny the claim unless claimant cooperated within 30 days of the January 24 notice. Claimant did not appeal that order. Nor did she communicate with DCBS or SAIF during the 30-day period. SAIF denied the claim on February 25, 1997, citing claimant's failure to cooperate as the sole reason for the denial.

On March 5, 1997, claimant requested a hearing on SAIF's denial by filling out a standardized form provided by the Board. That form stated: "A hearing is requested for the reason(s) checked below." Claimant checked "DENIAL" and, as the reason for the denial, marked "Compensability—complete claim denial." Claimant did not check the box identifying a denial based on "Worker noncooperation."[1]

---

[1] That portion of the form appeared as follows:

A hearing was scheduled for June 2, 1997, almost three months after claimant's hearing request. At the beginning of the hearing, the ALJ identified the issues before it as "compensability of the claim and a carrier-paid fee if claimant prevails." SAIF clarified that its denial was not based on noncompensability but was based, instead, on claimant's noncooperation. SAIF argued that claimant should not be allowed to proceed because she had failed to request an expedited hearing as required by ORS 656.262(15), which provides, in part:

> "[T]he insurer * * * may deny the claim because of the worker's failure to cooperate. * * * After such a denial, *the worker shall not be granted a hearing or other proceeding under this chapter on the merits of the claim unless the worker first requests and establishes at an expedited hearing under ORS 656.291* that the worker fully and completely cooperated with the investigation, that the worker failed to cooperate for reasons beyond the worker's control or that the investigative demands were unreasonable."

(Emphasis added.) The ALJ did not consider claimant's failure to request an expedited hearing to "be of significance" and determined that claimant should be allowed to present evidence establishing the reasonableness of her failure to attend the IME. Claimant put on evidence that she was unable to attend the IME due to hazardous weather conditions, and the ALJ concluded that claimant's failure to cooperate was beyond her control. Accordingly, the ALJ set aside SAIF's denial and ordered that SAIF process the claim.

On review of the ALJ's order, the Board agreed with SAIF that a worker first must challenge a noncooperation denial before he or she is entitled to a hearing on the merits

---

"A hearing is requested for the reason(s) checked below:

"☒ **A** DENIAL *(Date)* <u>2/25/97</u>

    "☒ **B** Compensability - complete claim denial

    "☐ **X** Partial denial after a claim acceptance

    "☐ **Z** Challenge to notice of acceptance *ORS 656.262*

    "☐ **V** Worker noncooperation *ORS 656.262 (15)*

    "☐ **K** Aggravation *ORS 656.273*

    "☐ **L** Responsibility *ORS 656.307*"

(Font and emphasis variations in original.)

of the claim for compensation. The Board determined, however, that ORS 656.262(15) does not provide that an expedited hearing is the "only" avenue for challenging a noncooperation denial. Specifically, the Board said:

> "For instance, the statute does not provide that 'the worker first requests and establishes *only* at an expedited hearing * * *.' In the absence of such limiting language, we find that the statute shows that an expedited hearing is an option, not a requirement.
>
> "* * * Under ORS 656.291 and OAR 438-013-0010(1)(c), the *Board* assigns certain cases to the Expedited Claims Service. In other words, there is no statutory procedure for the *worker* to request an expedited hearing."

(Emphasis in original.) Thus, the Board concluded that a worker need only make a generic request for a hearing and that the Board has the option, but not a mandatory duty, to provide a hearing on an expedited basis. The Board therefore affirmed the ALJ's order. SAIF argues on judicial review, as it did below, that claimant must request an *expedited* hearing, that it is then entitled to receive a hearing on an expedited basis, and that because the hearing in this case was not expedited, SAIF was entitled to have its noncooperation denial upheld. We agree.

The first flaw in the Board's reasoning is its conclusion that an expedited hearing for a noncooperation denial is provided at the Board's option. ORS 656.262(15) explicitly states that, after a noncooperation denial, the worker shall not receive a hearing on the merits of the worker's claim "unless the worker first requests and establishes at an expedited hearing under ORS 656.291" either that the worker fully cooperated with the investigation or was excused from doing so. That language could not be clearer. The procedure for setting aside a noncooperation denial is an expedited hearing under ORS 656.291, plain and simple. The language permits no other conclusion. For the Board to deem an expedited hearing merely optional all but nullifies the statute.

The Board's rules similarly compel the conclusion that an expedited hearing process must be used if a worker challenges a noncooperation denial. Under ORS 656.291(1),

the Board is charged with administering the expedited hearing process. OAR 438-013-0010(1) provides that a request for a hearing "shall be referred" to the Expedited Claims Service if, among other reasons, "[t]he request involves a denial under ORS 656.262(15) for a worker's failure to cooperate in a claim investigation." The Board's rule is as clear as the statute itself. Even if there were leeway under the statute to provide an expedited hearing for some noncooperation denials and not others, the Board's own rule would require it to provide such a hearing for all noncooperation denials. *See Burke v. Children's Services Division,* 288 Or 533, 538, 607 P2d 141 (1980) (an administrative rule remains an effective statement of existing practice or policy until it is either judicially invalidated or repealed through proper APA procedures, and an agency is obligated to follow it).

■   The second flaw in the Board's reasoning is its conclusion that there is no burden on a claimant to request an expedited hearing. The statute expressly provides that, when a noncooperation denial has issued, a worker cannot have the merits of the compensation claim considered "unless the worker first requests and establishes at an expedited hearing under ORS 656.291" that the noncooperation denial should be set aside. The statute plainly places a burden on the worker to make an effective request for the necessary hearing.

■   We reject the Board's premise that the lack of a formal statutory mechanism for requesting an expedited hearing evinces a legislative intent that a worker has no obligation whatsoever to request an expedited hearing. The statutes do not, in other regards, specify precise forms to be used or exact hearing request procedures to be followed for the myriad workers' compensation hearings and review proceedings available to the parties. Those kinds of implementing mechanisms are left to the agencies—here, the Board— that are charged with administration of the various aspects of the procedures to be followed. The Board, in administering its responsibilities, has provided a reasonable mechanism for making a request for an expedited hearing on a noncooperation denial. As discussed above, the Board provides a standardized form for requesting a hearing. On that form, the worker first indicates that the hearing is for a claim denial.

The form then requires the worker, in a simple check-the-box-that-applies format, to identify the reason for the denial. Included is a box for indicating a denial based on "Worker noncooperation," followed by citation to the relevant statute, ORS 656.262(15). A worker who accurately fills out that form satisfies the statutory requirement to request an expedited hearing for a noncooperation denial. The Board's administrative obligation, both under the statute and pursuant to its rules, is then to provide that hearing.

■ Here, claimant did not fill out the form accurately. She indicated that she was requesting a hearing on a denial for compensability, not a denial for noncooperation. Nothing in the way claimant filled out the form, or in her accompanying cover letter, would have alerted the Board that the matter should be placed on the expedited hearings docket. Claimant therefore did not do what she needed to do to trigger an expedited hearing. The Board, which was understandably under the impression that claimant was requesting a hearing on a compensability denial, did not assign the claim to the expedited hearing docket. The hearing, instead, was scheduled for almost three months after claimant's request. By the time the ALJ decision issued, the claim was almost a year old. In contrast, under the Board's rules for expedited hearings, a hearing would have been scheduled no more than 30 days after the request for a hearing, and the ALJ decision would have issued within 10 days after the record was closed. OAR 438-013-0025; OAR 438-013-0040(1). SAIF argues that the reason for requiring expedited hearings for noncooperation denials is to ensure that an insurer's right to a prompt investigation of the claim is not prejudiced. *See* ORS 656.262(14) (detailing worker's duty to cooperate and assist the insurer or self-insured employer in the investigation of the claim). A worker, whose interim benefits and right to a hearing on the merits of the claim are cut off by a noncooperation denial, surely has an equal interest in prompt resolution of a challenge to the denial. Suffice it to say that, from both perspectives, we agree with SAIF that, under the statute, "time is of the essence" if the noncooperation denial is to be reviewed. Given claimant's failure to do the minimum necessary to request an expedited hearing, and because an expedited hearing in fact was not held, SAIF was entitled to have the noncooperation denial upheld.

Claimant, nonetheless, maintains that she was not obligated specifically to request an expedited hearing in this particular instance. She advances two arguments to support her position: (1) her claim was not subject to the expedited hearing procedure because it exceeds the "amount in controversy" limit of ORS 656.291(2)(a); and (2) SAIF waived an expedited hearing by not requesting one. Each argument is quickly answered.

■    In asserting that her claim is not subject to an expedited hearing because the amount in controversy for her claim for compensation exceeds $1,000, claimant relies on ORS 656.291. That statute provides for expedited hearings where the "only matters unresolved do not include compensability of the claim and the amount in controversy is $1,000 or less" or the only matters in dispute are "attorney fees or penalties." ORS 656.291(2)(a) and (b). Claimant's argument misunderstands the interplay between ORS 656.262(15) and the expedited hearings process as established by ORS 656.291. ORS 656.262(15) explicitly requires an expedited hearing "under ORS 656.291." There is no qualification as to amount in controversy or otherwise. That cross-reference automatically invokes the expedited hearing process. In other words, ORS 656.262(15) establishes a separate category of claims that require an expedited hearing, one that is in addition to the categories identified in ORS 656.291(2).[2] If claimant's interpretation were correct, ORS 656.262(15) would be pointless. Noncooperation denials would be subject to an expedited hearing process pursuant to the criteria of ORS 656.291(2). ORS 656.262(15) was plainly intended to be an independent basis for providing expedited hearings.

■    Finally, claimant argues that "[i]f SAIF believed that ORS 656.291 controlled, it should have informed the Hearings Division of that fact." We reiterate: ORS 656.262(15) provides that a worker "shall not" be granted a hearing "unless the *worker* first requests" an expedited hearing.

---

[2] The Board's rule is structured in the same way. OAR 438-013-0010(1) requires a referral to an expedited hearing if: (1) all unresolved matters involve issues other than compensability or responsibility and the amount is controversy is $1,000 or less; (2) the only unresolved matters are attorney fees and penalties; *or* (3) the request involves a denial under ORS 656.262(15) for a worker's failure to cooperate in a claim investigation. Those are *alternative* bases on which an expedited hearing is required, not cumulative ones.

(Emphasis added.) The statute places the duty to request an expedited hearing on the worker, not on the insurer. To the extent that claimant is suggesting that SAIF has not preserved error, claimant is wrong. SAIF raised the issue at the outset of the ALJ hearing. The statutory scheme requires no more.

In sum, we hold that ORS 656.262(15) unambiguously requires an expedited hearing process for challenging a denial for noncooperation and places the onus on the worker to make a request for an expedited hearing. Using the form developed by the Board, claimant could have made a proper request by accurately indicating that SAIF denied her claim for noncooperation, thus providing the Board with the information needed to assign the claim to the Expedited Claims Service. Because claimant failed to avail herself of the appropriate procedure for challenging a noncooperation denial, the ALJ had no authority to set aside SAIF's denial. The Board erred in concluding otherwise.

Based on our disposition, we need not reach SAIF's remaining assignments of error.

Reversed and remanded.