Argued and submitted January 7, 2000, affirmed on petition; reversed and remanded with instructions on cross-petition June 6, 2001

In the Matter of the Compensation of
Marvin E. Lewis, Claimant.

MARVIN E. LEWIS,
*Petitioner - Cross-Respondent,*

*v.*

CIGNA INSURANCE CO.
and Active Transportation Co.,
*Respondents - Cross-Petitioners.*

97-05360, 97-05050, 97-00071; A106117

26 P3d 165

Linda C. Love argued the cause for petitioner - cross-respondent. With her on the briefs was Craine & Love.

Vera Langer argued the cause for respondents - cross-petitioners. With her on the brief was Scheminske & Lyons.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.*

SCHUMAN, J.

---

* Schuman, J., *vice* Armstrong, J.

**SCHUMAN, J.**

Claimant seeks review of the part of a Workers' Compensation Board (Board) order affirming denial of his claim due to his noncooperation with the insurer, Cigna. Cigna cross-petitions from the part of the Board's order denying its motion to dismiss due to claimant's failure timely to request an expedited noncooperation hearing. We reverse on Cigna's cross-petition; the Board should have granted the motion to dismiss. We therefore need not and do not address claimant's petition for review.

■     ORS 656.262(14) requires injured workers "to cooperate * * * in the investigation of claims for compensation." If the Director of the Department of Consumer and Business Services (DCBS) finds that the worker has unreasonably failed to cooperate, the worker's interim compensation is suspended and the worker receives a warning that, unless the worker complies with the cooperation requirement within 30 days, the suspension of compensation may become a permanent denial. ORS 656.262(15). If the worker continues to refuse to cooperate and the employer or insurer denies the claim for that reason, the worker cannot receive a hearing on the merits of the underlying compensation claim *"unless the worker first requests and establishes at an expedited hearing * * * that the worker fully and completely cooperated with* the investigation, that the worker failed to cooperate for reasons beyond the worker's control or that the investigative demands were unreasonable." *Id.* (emphasis added). The worker, in other words, must either cooperate or satisfactorily explain noncooperation, before his or her claim can be processed, and, in order to avoid delaying that claim process, the cooperation issue must be resolved in an expedited manner. The dispositive issue in this case is whether the language in ORS 652.262(15) italicized above means that, if the worker fails to make a timely, affirmative request for an expedited hearing on the noncooperation denial, the worker can receive no further hearing on his or her claim. We agree with Cigna that it does, that claimant did not make the required request, and that Cigna therefore lawfully denied his claims.

In 1997, claimant filed two workers' compensation claims against employer, one for degenerative disc disease in his low back and one for aggravation of an earlier compensable injury sustained in 1992. Cigna arranged two compelled medical exams (CMEs), as permitted by ORS 656.325(1)(a), but claimant refused to attend either, disputing Cigna's authority to order them when he had already had a CME on an earlier claim. At a subsequent deposition, claimant's attorney instructed claimant not to answer questions regarding his failure to attend the scheduled CMEs and ended the deposition. As a result, Cigna requested a suspension of benefits based on claimant's alleged failure to cooperate with the CMEs and at the deposition.

On May 20, 1997, the Compliance Section of DCBS notified claimant that his benefits on both claims would be suspended in five days for "noncooperation," pursuant to ORS 656.262(15), unless he either documented the reasonableness of his alleged failure to cooperate or notified the insurer that he was willing to cooperate. Also pursuant to ORS 656.262(15), DCBS notified claimant that, if he did not cooperate within 30 days of the May 20 notice, Cigna was authorized to deny the claims. On June 6, DCBS issued orders suspending benefits on both claims. The orders again notified claimant that his claims would be denied if he did not cooperate as requested. He did not do so and on June 30 Cigna issued denials on both claims based on claimant's failure to attend the CMEs and his alleged failure to cooperate at the deposition.

Claimant requested a hearing on those denials by filling out the Board's standard hearing request form that provides claimants with a checklist to identify the reasons for the requested hearing. Claimant did not check the box for "worker noncooperation" or otherwise expressly indicate on that form that he was requesting an expedited hearing on the noncooperation denials.[1] Pursuant to that request, the Board

---

[1] Claimant's completed checklist provides:

"A hearing is requested for the reason(s) checked below:

"[x] A  DENIAL 12/13/96; 6/18/97; 6/6/97; 5/20/97; and 6/20/97

"[x] B  Compensability - complete claim denial

scheduled a hearing that ultimately occurred on February 12, 1998.

At that hearing before an administrative law judge (ALJ), Cigna moved for dismissal, arguing that claimant had not timely requested an expedited hearing on the noncooperation denials and thus, under ORS 656.262(15), was not entitled to any further hearings on the merits of his claims. Cigna also argued in the alternative that claimant had, in fact, failed to cooperate. Skipping over the expedited hearing request motion, the ALJ set aside the suspension orders and the "noncooperation" denials because claimant's failure to attend the CMEs did not amount to noncooperation under the relevant statute.

On review by the Workers' Compensation Board (Board), Cigna again moved to dismiss, arguing again that neither the ALJ nor the Board had jurisdiction over the non-cooperation denial because claimant had not timely requested an expedited hearing. The Board denied the motion to dismiss and, on the merits of the noncooperation claim itself, reversed the ALJ and reinstated the noncooperation denials. Claimant sought review of the Board's reinstatement of the noncooperation denials, and Cigna cross-petitioned for review of the denial of its motion to dismiss.

In denying that motion, the Board relied on its decision in *SAIF v. Dubose*, 50 Van Natta 1631, *on recons* 50 Van

---

"[x] X  Partial denial after a claim acceptance

"[ ]  Z  challenge to notice of acceptance ORS 656.262

"[ ]  V  Worker noncooperation ORS 656.262(15)

"[x] K  Aggravation ORS 656.273

"[x] L  Responsibility ORS 656.307

"[ ]  M  NONCOMPLYING EMPLOYER ORDER ORS 656.740

"[ ]  TTD/TPD

"[x] D  Procedural entitlement

"* * * * *

["x] Q  OTHER (Explain and cite ORS) **ORS 656.262 (11, 14 & 15)** et. al. **WMC Dept. Order(s) of 5/20/97, 6/6/97 & 6/18/97,** ORS 656.262 et al, OAR **436-060-0135** * * *

"[x] P  DIRECTOR'S ORDER **dated 6/6/97, 6/18/97 & 5/20/97**[.]"

(Items in boldface provided by claimant.)

Natta 1822 (1998). Sometime after the Board's denial, however, we reversed that decision. *SAIF v. Dubose*, 166 Or App 642, 999 P2d 529 (2000), *rev allowed* 331 Or 692 (2001). Accordingly, our decision in *Dubose* controls our decision here.

■ Two aspects of *Dubose* are relevant to our disposition. First, we held that, under ORS 656.262(15), "the procedure for setting aside a noncooperation denial is an expedited hearing." *Id.* at 646. Without an expedited hearing, neither the ALJ nor the Board is authorized to set aside a noncooperation denial under ORS 656.262(15). *Id.* at 650. Second, we held that "the statute plainly places a burden on the worker to make an effective request for the necessary hearing." *Id.* at 647. As we explained, that burden is easily met by checking the appropriate box on the hearing request form:

> "[T]he Board provides a standardized form for requesting a hearing. On that form, the worker first indicates that the hearing is for a claim denial. The form then requires the worker, in a simple check-the-box-that-applies format, to identify the reason for the denial. Included is a box for indicating a denial based on 'Worker noncooperation,' followed by citation to the relevant statute, ORS 656.262(15). A worker who accurately fills out that form satisfies the statutory requirement to request an expedited hearing for a noncooperation denial. The Board's administrative obligation, both under the statute and pursuant to its rules, is then to provide that hearing.
>
> "* * * Nothing in the way claimant filled out the form, or in her accompanying cover letter, would have alerted the Board that the matter should be placed on the expedited hearings docket. Claimant therefore did not do what she needed to do to trigger an expedited hearing." *Id.* at 647-48.

Here, as in *Dubose*, the hearing on the noncooperation denials did not take place on an expedited basis, as ORS 656.262(15) requires. Rather, the hearing on the merits of the denials was held in February 1998, approximately eight months after the denials and a year after the relevant claims were initiated. And, as in *Dubose*, claimant did not meet his burden of making an effective request for an expedited hearing. Although he promptly submitted a hearing request on the noncooperation denials, claimant did not check the box

labeled "worker noncooperation ORS 656.262(15)." Nor did he in any other way indicate on the form that the denials for which he sought a hearing were based on allegations of non-cooperation. Claimant *did* check the box on the form labeled "OTHER" and, in the space for an explanation cited, *inter alia*, ORS 656.262(15). However, that citation was embedded in a string of citations to other statutes and rules that deal with issues unrelated to noncooperation denials. Moreover, section 15 itself deals with a number of actions other than denials. Claimant's bare reference to ORS 656.252(15) was therefore insufficient to "alert[ ] the Board that the matter should be placed on the expedited hearings docket." *Dubose*, 166 Or App at 648.[2]

Thus, the ALJ and the Board lacked authority under ORS 656.262(15) to consider claimant's challenge to the June 20, 1997, noncooperation denials, and Cigna was entitled to have those denials upheld. *Id*.

Affirmed on petition; on cross-petition, reversed and remanded with instructions to vacate ALJ and Board orders and reinstate June 20, 1997, denials of petitioner's claims.

---

[2] After claimant's benefits had been suspended, but *before* his claims had been denied, he unsuccessfully requested an expedited hearing *on the suspension*. After the *denial*, on July 9, 1997, he moved for reconsideration of his unsuccessful request for an expedited hearing on the suspension. That motion does not suffice as an "effective request" for an expedited hearing *on the denial*. The motion for reconsideration made no mention of the June 20 denials and thus did not suffice to alert the Board that those denials provided a basis for hearing the case on an expedited basis.