Submitted on the record February 24, ballot title referred to Attorney General for modification March 6, 2003
Modified ballot title referred to Attorney General for modification June 5, 2003 (335 Or 424, 71 P3d 530)
Modified ballot title certified June 24, 2003 (335 Or 506, 73 P3d 291)

Tim NESBITT,
Tricia Bosak, and Kris Kain,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S50078)

64 P3d 1133

Margaret S. Olney, of Smith, Gamson, Diamond & Olney, Portland, for petitioners Bosak and Kain, and Lynn-Marie Crider, Salem, for petitioner Nesbitt, filed the petition.

Brendan C. Dunn, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him

on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.

GILLETTE, J.

**GILLETTE, J.**

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 22 (2004). The proposed measure, if adopted, would amend the Oregon Constitution by adding a section forbidding use "for a political purpose," as the proposed measure defines that phrase, of money deducted from an employee's paycheck, unless the employee consents to such use annually and in writing. The proposed measure contains definitions of certain of its terms, prescribes certain administrative requirements that must be followed by those who receive money from payroll deductions if the proposed measure is adopted, and prescribes the various consequences that are to follow if any of its substantive provisions is violated.

■ Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). ORS 250.085(5). For the reasons that follow, we conclude that it does not.

The Attorney General certified the following ballot title for Initiative Petition 22:

"AMENDS CONSTITUTION: PROHIBITS COLLECTING AND USING PAYROLL DEDUCTIONS FOR 'POLITICAL PURPOSES' (DEFINED) WITHOUT EMPLOYEE'S WRITTEN, ANNUAL AUTHORIZATION

"RESULT OF 'YES' VOTE: 'Yes' vote prohibits: collecting and using payroll deductions for 'political purposes' (defined) without employee's written, annual authorization; commingling payroll-deducted political funds with non-political funds.

"RESULT OF 'NO' VOTE: 'No' vote retains, without modification, current provisions governing payroll deductions; rejects proposed limitations on collection, use, and commingling of payroll deductions for 'political purposes' (defined).

"SUMMARY: Amends Constitution. Current law allows payroll deductions required by law, or authorized by written permission or collective bargaining agreement; unions cannot require political contributions. Measure prohibits collecting and using payroll deductions for 'political purposes' without employee's permission annually granted on form used for this purpose; legislature must ensure personal information is neither on form nor publicly available. Money is used for 'political purposes' when any portion is: contributed to candidate, political committee, party; or spent supporting/opposing ballot measure or public-office candidate. Money is not used for 'political purposes' when spent lobbying, unless spent on communications identifying public-office candidate within 60 days of election. Entities using deductions for 'political purposes' cannot commingle political funds with other funds. Establishes penalties for violations. Other provisions."

Petitioners challenge all parts of the Attorney General's certified ballot title. However, it is fair to say that those challenges proceed in the main from a common premise, which petitioners state as follows: "[T]he fundamental change [that] the [proposed] measure makes [in Oregon law] is to create novel rules about how organizations may spend their own money, rules that apply exclusively to organizations receiving monies via payroll deduction." The Attorney General's ballot title is flawed throughout, petitioners assert, because it fails to take account of and to highlight that fact.

Petitioners argue—and we agree—that the pivotal consideration respecting the purpose, scope, and meaning of the proposed measure is to be found in its first sentence. That sentence states: "No money shall be deducted from an employee's paycheck, including by electronic transfer, and used for a political purpose without the employee's prior written permission." Obviously, the deduction from the employee's paycheck will have to be made by an employer. And, at first blush, the introductory words of the first sentence, "No money shall be deducted * * *," might lead the

reader to believe that the proposed measure is aimed at activities of employers. A careful reading of the balance of the proposed measure, however, demonstrates that that is not true.

Under the proposed measure, the money that is deducted from an employee's paycheck will not go to the employer. Instead, it will go to a union, charitable organization, bank, credit union, or other entity that the employee has authorized to receive it. The balance of the proposed measure, following its opening sentence, is directed at and focused on those latter entities that will "use" the money, and the uses to which those entities will apply that money. Indeed, the use to which the deducted money is put commonly may not be a matter within the knowledge of the employer. The proposed measure would place various restrictions on and impose various requirements respecting the entities that receive the payroll-deducted funds, but would place no such restrictions or requirements on employers. It follows that the ballot title must alert potential voters to that theme. With that consideration in mind, we turn to an examination of petitioners' assertions respecting specific parts of the Attorney General's certified ballot title.

## CAPTION

The caption of a certified ballot title shall contain a statement of not more than 15 words "that reasonably identifies the subject matter of the state measure." ORS 250.035(2)(a).[1] As noted, the caption of the Attorney General's certified ballot title for Initiative Petition 22 states:

"AMENDS CONSTITUTION: PROHIBITS
COLLECTING AND USING PAYROLL DEDUCTIONS
FOR 'POLITICAL PURPOSES' (DEFINED) WITHOUT
EMPLOYEE'S WRITTEN, ANNUAL AUTHORIZATION"

Petitioners assert that the Attorney General's caption in this proceeding fails to comply with the statutory

---

[1] The caption for an initiated measure that would amend the Oregon Constitution is to begin with the phrase, "Amends Constitution," which two words do not count toward the 15-word limitation. ORS 250.035(2)(a).

standard because, in their view, the caption focuses too heavily on the payroll deduction itself, when the actual subject of the proposed measure is how a deduction is spent.

We agree with petitioners that the caption as written obscures the subject matter of the proposed measure. Although it is inescapable that the process toward which the proposed measure is aimed must begin with an authorized payroll deduction, it is equally inescapable that the proposed measure would do nothing to the collection process. Instead, the proposed measure focuses wholly on what organizations that receive money through payroll deductions may do with that money. That focus is the "subject" of the proposed measure, and the caption needs to say so. We hold that, as written, the caption does not comply substantially with the requirement of ORS 250.035(2)(a) that it state "the subject matter" of the proposed measure. *See Kain v. Myers*, 335 Or 228, 64 P3d 1129 (2003) (similar holding concerning analogous ballot title caption). The ballot title must be modified. We therefore refer the ballot title to the Attorney General for modification. *See* ORS 250.085(8) (permitting that disposition).

## "YES" VOTE RESULT STATEMENT

The "yes" vote result statement is to be a "simple and understandable statement of not more than 25 words that describes the result if the state measure is approved." ORS 250.035(2)(b). As noted, the "yes" vote result statement of the Attorney General's certified ballot title for Initiative Petition 22 states:

> "RESULT OF 'YES' VOTE: 'Yes' vote prohibits: collecting and using payroll deductions for 'political purposes' (defined) without employee's written, annual authorization; commingling payroll-deducted political funds with non-political funds."

Petitioners assert that the Attorney General's "yes" vote result statement fails to meet the statutory requirement in two respects. First, petitioners assert that the "yes" vote result statement fails to state with clarity what will happen if the proposed measure passes. Second, petitioners argue that the Attorney General's selection of the "no commingling of

political and nonpolitical funds" aspect of the proposed measure for mention in the "yes" vote result statement focuses too much on one aspect of the proposed measure at the expense of the proposed measure's overall theme.

We agree with petitioners that the Attorney General's "yes" vote result statement is inadequate, for reasons that essentially amalgamate petitioners' two arguments. The 25-word "yes" vote result statement is the appropriate point at which to alert voters that the proposed measure would enact a complete regime of limitations on the use for "political purposes" of any funds obtained by any organization, public or private, through payroll deduction. The Attorney General's "yes" vote result statement fails to undertake that task. The part of the statement that precedes the semicolon provides no information that is not already in the caption; the part following the semicolon is obscure. As a consequence, the "yes" result statement does not adequately "describe[ ] the result if the state measure is approved" and, thus, fails to comply substantially with the requirement of ORS 250.035(2)(b). The ballot title must therefore be modified. We refer it to the Attorney General for that purpose. ORS 250.085(8).

## "NO" VOTE RESULT STATEMENT

■        The "no" vote result statement is to be a "simple and understandable statement of not more than 25 words that describes the result if the state measure is rejected." ORS 250.035(2)(c). As noted, the "no" vote result statement of the Attorney General's certified ballot title for Initiative Petition 22 states:

"RESULT OF 'NO' VOTE:  'No' vote retains, without modification, current provisions governing payroll deductions; rejects proposed limitations on collection, use, and commingling of payroll deductions for 'political purposes' (defined)."

Petitioners object to the Attorney General's "no" vote result statement on the ground that the statement refers to "current [statutory] provisions governing payroll deductions," although such provisions will not be affected whether the proposed measure passes or fails. *See, e.g.,* ORS 652.610

(employers may not deduct amounts from paychecks unless authorized in writing or otherwise required to do so by law); ORS 243.796 (authorizing local government employees to contribute to labor organization by payroll deduction); ORS ch 292 (dealing with state payroll and creating right in employees to pay certain obligations by payroll deduction). Although a description of current law may be helpful in many circumstances, petitioners' criticism is well taken here. Moreover, the part of the "no" vote result statement after the semicolon simply parallels a part of the wording of the "yes" vote result statement, preceded by the word "rejects." Upon referral, the Attorney General should modify the "no" vote result statement and, in doing so, should consider the effect of the changes that have been made in the "yes" vote result statement.

## SUMMARY

■ The summary is to be "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." ORS 250.035(2)(d). As noted, the summary in the Attorney General's certified ballot title for Initiative Petition 22 states:

> "SUMMARY: Amends Constitution. Current law allows payroll deductions required by law, or authorized by written permission or collective bargaining agreement; unions cannot require political contributions. Measure prohibits collecting and using payroll deductions for 'political purposes' without employee's permission annually granted on form used for this purpose; legislature must ensure personal information is neither on form nor publicly available. Money is used for 'political purposes' when any portion is: contributed to candidate, political committee, party; or spent supporting/opposing ballot measure or public-office candidate. Money is not used for 'political purposes' when spent lobbying, unless spent on communications identifying public-office candidate within 60 days of election. Entities using deductions for 'political purposes' cannot commingle political funds with other funds. Establishes penalties for violations. Other provisions."

Petitioners assert two separate objections to the Attorney General's summary. First, petitioners challenge the Attorney General's use of a part of the summary to refer to

provisions of law that would not be affected if the proposed measure were to pass. We agree with petitioners that devoting too extensive a part of the summary to that topic does not further the summarization either of the measure or its major effect. We conclude, therefore, that its inclusion is inappropriate, for the same reasons and to the same extent that we gave respecting the "no" vote result statement.

■        Petitioners also object to the Attorney General's use of the undefined term, "political purposes," in the summary. We agree with petitioners that the term's meaning is not self-evident, but decline to hold that it is so vague that its use is impermissible. We note, however, that, on referral from this court, the Attorney General will have considerable space within the summary either to omit the term or to offer an explanation or definition of it, should he choose to do so.

In summary, we hold that the Attorney General's certified ballot title for Initiative Petition 22 (2004) fails substantially to comply with the requirements of ORS 250.035(2)(a), (b), (c), and (d). The ballot title is referred to the Attorney General for modification. *See* ORS 250.085(8) (authorizing that procedure).

Ballot title referred to. Attorney General for modification.