Submitted on the record February 24, ballot title referred to Attorney General for modification March 6, 2003
Modified ballot title certified March 24, 2003 (335 Or 268, 66 P3d 1027)

Kris KAIN,
Tricia Bosak, and Tim Nesbitt,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S50085)

64 P3d 1129

Margaret S. Olney, of Smith, Gamson, Diamond & Olney, Portland, filed the petition for petitioners.

David F. Coursen, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him

on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.

GILLETTE, J.

### GILLETTE, J.

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 23 (2004). The proposed measure, if adopted, would amend the Oregon Constitution by adding a section forbidding use of a public payroll system "to collect or to help collect political funds" and imposing consequences on any entity that uses money collected for it through the public payroll system "for a political purpose."

■ Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). ORS 250.085(5). For the reasons that follow, we conclude that it does not.

The Attorney General certified the following ballot title for Initiative Petition 23:

"AMENDS CONSTITUTION: PROHIBITS COLLECTING PUBLIC EMPLOYEE PAYROLL DEDUCTIONS FOR ORGANIZATIONS USING DEDUCTED FUNDS FOR 'POLITICAL PURPOSES' (DEFINED)

"RESULT OF 'YES' VOTE: 'Yes' vote prohibits organizations using money collected through automatic public employee payroll deductions for 'political purposes' (as defined) from receiving any deducted money in future.

"RESULT OF 'NO' VOTE: 'No' vote retains current law, rejects proposed prohibition against receiving public employee payroll-deducted money, for organizations using such money for 'political purposes' (as defined).

"SUMMARY: Amends Constitution. Current law allows public employees to pay union dues, insurance premiums, other obligations by payroll deductions; unions cannot require political contributions. Measure prohibits union or other organization receiving money collected through voluntary public employee payroll deductions from using collected money for 'political purposes.' Permanently prohibits organization that uses or commingles any portion of money collected from public employees through payroll deductions for 'political purpose' from receiving future payroll deductions for any use. 'Political purpose' includes: direct, in-kind, indirect contributions to candidate, committee, party; expenditures to support or oppose public office candidate or ballot measure, collect, solicit, or discourage ballot measure petition signatures; does not include lobbying, but does include communication identifying any public-office candidate within 60 days of election. Other provisions."

Petitioners challenge the caption, the "yes" vote result statement, and the "no" vote result statement in the Attorney General's certified ballot title. (They have no quarrel with the summary.) However, it is fair to say that those challenges proceed in the main from a common premise, which petitioners state as follows:

"Under the [proposed measure], a public employee who wishes to use payroll deductions to make payments to any organization that engages in political activity cannot do so. This limitation is separate and distinct from the limitation placed on organizations that receive payments or contributions from public employees through payroll deduction. In fact, thousands of Oregon public employees use payroll deduction to make payments that are expressly designated for political activity. They would lose that right [under the proposed measure]."

With the foregoing premise in mind, we consider petitioners' challenges to the various parts of the Attorney General's certified ballot title for Initiative Petition 23 (2004).

## CAPTION

The caption of a certified ballot title shall contain a statement of not more than 15 words "that reasonably

identifies the subject matter of the state measure." ORS 250.035(2)(a).[1] As noted, the caption of the Attorney General's certified ballot title for Initiative Petition 23 (2004) states:

> "AMENDS CONSTITUTION: PROHIBITS COLLECTING PUBLIC EMPLOYEE PAYROLL DEDUCTIONS FOR ORGANIZATIONS USING DEDUCTED FUNDS FOR 'POLITICAL PURPOSES' (DEFINED)"

Petitioners assert that the Attorney General's caption fails to comply with the statutory standard in three respects. First, they assert that the Attorney General has written the caption in the passive voice and that, so written, it is "confusing." We do not agree with petitioners' "passive voice" premise; we therefore do not address that argument further.

■ Second, petitioners assert that use of the phrase "prohibits collecting public employee payroll deductions" focuses on, and makes it appear as if the proposed measure focuses on, activities of public employers when, in fact, the entire measure is aimed at the activities of those who *receive* the money so collected. We agree with that criticism. The true focus of the proposed measure—its true "subject"—is what organizations who receive money from payroll deductions may do with those deductions. The proposed measure's answer to that question is categorical: The deductions may not be used for "political purposes," as the proposed measure uses that term, or commingled with other funds that will be used for "political purposes." It follows that, as written, the caption does not comply substantially with the requirement of ORS 250.035(2)(a) that it state "the subject matter" of the proposed measure. The ballot title must be modified. We therefore refer it to the Attorney General for modification. *See* ORS 250.085(8) (permitting that disposition).

■ Although it does not affect our disposition of the issue respecting the caption, we also take note of petitioners'

---

[1] The caption for an initiated measure that would amend the Oregon Constitution is to begin with the phrase, "Amends Constitution," which two words do not count toward the 15-word limitation. ORS 250.035(2)(a).

third argument. Petitioners argue that the proposed measure will put an end to the right that public employees presently have to make contributions to their unions through payroll deduction with the specific authorization to those unions to use some of the money so collected for political purposes. *See* ORS 292.055 (authorizing payroll deduction to be paid to labor organization). We agree with petitioners that the proposed measure categorically puts an end to that practice. We do not agree, however, that the Attorney General's caption violates the statute because it does not include that information. It might be more completely accurate to do so and the Attorney General may consider doing so on referral. However, given the statutory 15-word limitation in which the caption must identify the proposed measure's subject, the failure to mention an aspect of the measure that has a particular *effect* on the union members' rights does not necessarily make the caption invalid.

### "YES" VOTE RESULT STATEMENT

■      The "yes" vote result statement is to be a "simple and understandable statement of not more than 25 words that describes the result if the state measure is approved." ORS 250.035(2)(b). As noted, the "yes" vote result statement of the Attorney General's certified ballot title for Initiative Petition 23 states:

> "RESULT OF 'YES' VOTE:   'Yes' vote prohibits organizations using money collected through automatic public employee payroll deductions for 'political purposes' (as defined) from receiving any deducted money in future."

Petitioners have two objections to the Attorney General's "yes" vote result statement. First, they assert that, whether or not the matter must be mentioned in the caption, the fact that adopting the proposed measure will put an end to the ability of state employees to make payroll deduction contributions to their unions (and, necessarily, to *any* organization that receives money through a payroll deduction and then devotes any of its resources to a "political purpose") must be included in the "yes" vote result statement because it would be a direct result of adopting the proposed measure.

We agree. The only way that the result that petitioners describe could not occur would be for unions to give up political activity—a contingency well outside the realm of reason. The Attorney General's "yes" vote result statement should have referred to that result. Because it did not, it fails to comply substantially with the requirement of ORS 250.035(2)(b) and also must be modified.

■ Petitioners also assert that the use of the word "automatic" in the Attorney General's "yes" vote result statement is misleading, because the point is not whether a deduction of the kind that the proposed measure would forbid occurs automatically from time to time, or occurs only once or sporadically. Rather, the point is that certain kinds of deductions would be forbidden. Again, we agree. The word "automatic" should not be used in the modified "yes" vote result statement.

## "NO" VOTE RESULT STATEMENT

■ The "no" vote result statement is to be a "simple and understandable statement of not more than 25 words that describes the result if the state measure is rejected." ORS 250.035(2)(c). As noted, the "no" vote result statement of the Attorney General's certified ballot title for Initiative Petition 23 states:

"RESULT OF 'NO' VOTE: 'No' vote retains current law, rejects proposed prohibition against receiving public employee payroll-deducted money, for organizations using such money for 'political purposes' (as defined)."

Petitioners assert two objections to the Attorney General's "no" vote result statement. First, they object that the statement mentions "current law," but fails to explain what current law is. It follows, they assert, that that reference is devoid of content and either should be explained further or eliminated. We agree with petitioners that, however justified a reference to "current law" might be in other ballot titles, the phrase in question has no substance in the context of the present proceeding. Including the reference does not "describe[ ] the result if the state measure is rejected."

■ Petitioners further argue that the Attorney General's "no" vote result statement is not "simple and understandable," as the statute commands, but is, instead, "extremely difficult to understand." We agree with petitioners that the statement is not understandable, because it provides no new information to the reader. Instead, it simply attaches the word "rejects" to the same summary of the proposed measure that appeared in the "yes" vote result statement. That is, the substantive message of the Attorney General's "no" vote result statement is that "'no' rejects 'yes'." That is not a sufficient explanation to meet the requirement of ORS 250.035(2)(c). We hold that the Attorney General's "no" vote result statement fails substantially to comply with the requirement of ORS 250.035(2)(c). On referral, the Attorney General shall modify it.

In summary, we hold that the Attorney General's certified ballot title for Initiative Petition 23 (2004) fails substantially to comply with the requirements of ORS 250.035(2)(a), (b), and (c). The ballot title is referred to the Attorney General for modification. *See* ORS 250.085(8) (authorizing that procedure).

Ballot title referred to Attorney General for modification.