Filed: June 5, 2003


IN THE SUPREME COURT OF THE STATE OF OREGON





TIM NESBITT,
TRICIA BOSAK, and KRIS KAIN,

 Petitioners,


 v.



HARDY MYERS,
Attorney General,
State of Oregon,

 Respondent.


(SC S50078)



 On petitions objecting to modified ballot title.


 Submitted on the record April 14, 2003.


 Lynn-Marie Crider, Salem, filed the petition objecting to
modified ballot title for petitioner Nesbitt.


 Margaret S. Olney, of Smith, Gamson, Diamond & Olney,
Portland, filed the petition objecting to modified ballot title
for petitioners Bosak and Kain.


 Brendan C. Dunn, Assistant Attorney General, Salem, filed
the response to objections for respondent. With him on the
response were Hardy Myers, Attorney General, and Mary H.
Williams, Solicitor General.


 Before Carson, Chief Justice, and Gillette, Durham, Riggs,
De Muniz, and Balmer, Justices.


 GILLETTE, J.


 Modified ballot title referred to the Attorney General for
modification.

 GILLETTE, J.

 This ballot title review proceeding is before us again
following our previous referral for modification of the Attorney
General's certified ballot title for Initiative Petition 22
(2004). Nesbitt v. Myers, 335 Or 219, 224-27, 64 P3d 1133
(2003). The Attorney General has prepared and filed a modified
ballot title, which petitioners now challenge. See ORS
250.085(9) (prescribing procedure for modifying ballot title
after referral). (1) We find certain of petitioners' objections to
be well taken and, therefore, refer the modified ballot title to
the Attorney General.

 In our earlier opinion, we described the proposed
measure as follows:

 "The proposed measure, if adopted, would amend the
Oregon Constitution by adding a section forbidding use
'for a political purpose,' as the proposed measure
defines that phrase, of money deducted from an
employee's paycheck, unless the employee consents to
such use annually and in writing. The proposed measure
contains definitions of certain of its terms,
prescribes certain administrative requirements that
must be followed by those who receive money from
payroll deductions if the proposed measure is adopted,
and prescribes the various consequences that are to
follow if any of its substantive provisions is
violated."


Nesbitt, 335 Or at 221. For convenience, we set out the Attorney
General's modified ballot title for the proposed measure:

"AMENDS CONSTITUTION: ENTITIES RECEIVING
PAYROLL DEDUCTIONS CANNOT USE THEM
FOR 'POLITICAL PURPOSES' (DEFINED) WITHOUT
EMPLOYEE'S WRITTEN AUTHORIZATION 



 "RESULT OF 'YES' VOTE: 'Yes' vote requires
entities receiving payroll deductions to obtain
employee's written, annual authorization and comply
with additional limitations before using deductions for
'political purposes' (defined).


 "RESULT OF 'NO' VOTE: 'No' vote rejects
requirement that entities receiving payroll deductions
obtain employee's authorization and comply with
additional limitations before using payroll deductions
for 'political purposes' (defined).


 "SUMMARY: Amends Constitution. Measure prohibits
entities receiving payroll deductions from using those
deductions for 'political purposes' (defined below)
without employee's permission annually granted on form
used for this purpose; legislature must ensure personal
information is neither on form nor publicly available. 
Measure defines deductions used for 'political
purposes' as deductions for which any portion is:
contributed to candidate, political committee, party;
or spent supporting/opposing ballot measure or public-office candidate. Deductions are not used for
'political purposes' when spent lobbying, unless spent
on communications identifying public-office candidate
within 60 days of election. Entities receiving payroll
deductions to be used for "political purposes" (defined
above) must place them in segregated accounts and
cannot commingle political funds with other funds. 
Establishes penalties for violations. Other
provisions."


 Our review of a modified ballot title has the same
scope as our review of a certified ballot title, i.e., we review
to "determine whether the modified ballot title substantially
complies with the requirements of ORS 250.035." ORS 250.085(9). 
Petitioners assert that the Attorney General's modified ballot
title in this case fails that test with respect to each of the
ballot title's four sections -- the caption, "yes" vote result
statement, "no" vote result statement, and summary. We address
petitioners' contentions in that order.

THE CAPTION


 As noted, the Attorney General's modified ballot title
caption states:

"AMENDS CONSTITUTION: ENTITIES RECEIVING
PAYROLL 
DEDUCTIONS CANNOT USE THEM
FOR 'POLITICAL PURPOSES' (DEFINED) WITHOUT
EMPLOYEE'S WRITTEN AUTHORIZATION" 


Petitioner Nesbitt notes that this court in its earlier opinion
concerning the certified ballot title stated that "the proposed
measure focuses wholly on what organizations that receive money
through payroll deductions may do with that money," Nesbitt, 335
Or at 224, and that the "proposed measure would enact a complete
regime of limitations on the use for 'political purposes' of any
funds obtained by any organization, public or private, through
payroll deduction." Id. at 225. It follows from those
statements, petitioner Nesbitt argues, that "the ballot title
must clearly describe this new regime and must tell the voters
that current law imposes no such restrictions on the use of money
-- whether [the money] is received via payroll deduction or by
any other means". 

 Based on the foregoing, petitioner Nesbitt argues that
the Attorney General's caption fails to "reasonably identif[y]
the subject matter of the state measure," as ORS 250.035(2)(a)
requires. He asserts that the flaw in the modified caption is
that it describes the various unions, businesses, charities, and
others who presently receive money through voluntary payroll
deductions by the phrase "entities receiving payroll deductions." 
Petitioner Nesbitt argues that the Attorney General instead
should use what he asserts is an accurate descriptive phrase,
viz., "organizations receiving money by payroll deduction." The
Attorney General's choice of phrase, he maintains, is
impermissibly obscure. 

We disagree with petitioner Nesbitt's premise that,
even when the phrase is read in context, the average voter will
read "entities receiving payroll deductions" to mean something
different than "organizations receiving money by payroll
deduction." In our view, the former phrase is a permissible
variant of the latter. Certainly, we cannot say that the choice
of one permissible choice of phrase over another permissible
choice means that the Attorney General's modified caption fails
to comply substantially with ORS 250.035(2)(a). Accordingly, we
decline to require the Attorney General further to modify the
wording of his modified caption. (2)


THE "YES" VOTE RESULT STATEMENT


 As noted, the Attorney General's modified "yes" vote
result statement provides:

 "RESULT OF 'YES' VOTE: 'Yes' vote requires
entities receiving payroll deductions to obtain
employee's written, annual authorization and comply
with additional limitations before using deductions for
'political purposes' (defined)."


 Petitioner Nesbitt asserts that the Attorney General's
"yes" vote result statement "is misleading, if not actually
inaccurate." The difficulty, he asserts, arises out of the fact
that, as now written, the modified "yes" vote results statement

 "would lead one to assume that the conditions [that the
proposed measure would place on spending money for
political purposes] may be met as a matter of course --
that the issue is when political spending can occur
rather than whether it can occur. In addition, the
language [of the modified 'yes' vote result statement]
does not state that an organization that receives
payroll-deducted money cannot spend for political
purposes unless it obtains a specific written
authorization of political spending." 

(Emphasis in original.) He then proposes wording that he asserts
would meet his objections.

Our problem with that argument is that we do not read
the Attorney General's modified "yes" vote result statement the
same way that petitioner Nesbitt does. Respecting his first
concern, we perceive no intimation in the statement that suggests
that meeting the conditions the proposed measure would set would be simple or routine. Respecting his second concern, we read the
statement to say specifically what he wants it to say, viz., that
the employee's written, annual authorization must be for the use
of a payroll deduction for political purposes. Perhaps that
proposition could be made even more explicit by adjusting the
wording in the statement to more directly connect "written,
annual authorization" with "deductions for political purposes." 
But the Attorney General's failure to do so does not mean that
the modified "yes" vote result statement fails to comply
substantially with the requirements of ORS 250.035(2)(b). We
decline to require the Attorney General further to modify the
wording of his modified "yes" vote result statement. (3)

THE "NO" VOTE RESULT STATEMENT


 As noted, the Attorney General's modified "no" vote
result statement provides:

 "RESULT OF 'NO' VOTE: 'No' vote rejects
requirement that entities receiving payroll deductions
obtain employee's authorization and comply with
additional limitations before using payroll deductions
for 'political purposes' (defined)."


 All petitioners assert that, as petitioner Nesbitt puts
it, the Attorney General's "no" vote result statement "simply
tells the voters that a 'no' vote will reject what has already
been described [as] the result of the 'yes' vote." That,
petitioner argues, means that the "no" vote result statement
provides no further information to the voter, thereby rendering
the statement essentially pointless. In so arguing, petitioners
rely on Kain v. Myers
, 335 Or 228, 64 P3d 1129 (2003), a case
also involving a proposed initiative measure relating to
permissible use of money obtained by payroll deductions. In that
case, as here, the Attorney General's "no" vote result statement
essentially mirrored his "yes" vote result statement, introduced
by the word "reject." This court observed: