On petition to review ballot title filed April 30; considered and under advisement
July 1, ballot title referred to Attorney General for modification August 6, 2009

Jerry CARUTHERS
and Larry Wolf,
*Petitioners,*

*v.*

John R. KROGER,
Attorney General,
State of Oregon,
*Respondent.*

(SC S057316)

213 P3d 1255

Aruna A. Masih, Bennett, Hartman, Morris & Kaplan LLP, Portland, filed the petition and the reply memorandum for petitioners.

Erin C. Lagesen, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the memorandum were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Nathan R. Rietmann, Salem, filed a brief for *amicus curiae* Jim Greenfield.

BALMER, J.

**BALMER, J.**

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 38 (2010). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

Initiative Petition 38, if enacted, would amend Oregon law to provide that "[n]o public resource, including any part or aspect of the public payroll system, shall be used to collect or help collect union dues or payments in lieu of dues," and that "no public resource shall be used to collect or help collect money used for a political purpose." The proposed measure defines "public resources"[1] to include "public money, public employee time on the job during working hours, and public buildings, equipment and supplies." It further states that "a resource shall be deemed to have been used, even if the public entity is reimbursed for the cost of using or providing it * * *." The measure defines "political purpose" to include, among other things, contributions or independent expenditures in support of or in opposition to a candidate, political party, or initiative or referendum. The measure penalizes any person or entity that uses for a political purpose money collected in whole or in part through the use of "a public resource" or that "commingles" money so collected with "political funds." If a person or entity violates the prohibition, the person or entity must pay a civil penalty of twice the amount of money spent in violation of the measure, and, thereafter, "no public employer or government entity shall collect money for any purpose for that person or entity."

In its prohibition of the use of "public resources" to collect money that is used or commingled with money used for "political purposes," Initiative Petition 38 is identical to Initiative Petition 34 (2010), which is the subject of the ballot title challenge that we decide this day in *Caruthers v. Kroger*

---

[1] The prohibition in Initiative Petition 38 uses the term "public resource," while the definition refers to "public resources."

(S057315), 346 Or 574, 213 P3d 1251 (2009). However, Initiative Petition 38 contains the additional prohibition, not included in Initiative 34, on the use of public resources, including specifically the public payroll system, for collecting union dues or payments in lieu of dues, even if those dues are not used for political purposes.

The Attorney General certified the following ballot title for Initiative Petition 38:

"PROHIBITS USING 'PUBLIC RESOURCES' (DEFINED) TO COLLECT UNION DUES AND FUNDS FOR 'POLITICAL PURPOSES' (DEFINED).

"RESULT OF 'YES' VOTE:   'Yes' vote prohibits using 'public resources' (defined) to collect union dues, funds for 'political purpose' (defined)/commingling money collected with 'public resource' with 'political' funds.

"RESULT OF 'NO' VOTE:   'No' vote allows use of 'public resources' to collect union dues, funds for 'political purpose,' commingling of funds collected with 'public resources' with 'political' funds.

"SUMMARY: Current law allows using 'public resources' to collect union dues, funds for 'political purposes,' using those collected funds for political purposes. Measure prohibits collecting union dues, 'political purpose' funds with 'public resources;' bars individuals, organizations, other entities from using money collected with 'public resources' for 'political purpose' or commingling it with 'political' funds. 'Money' includes specified types of contributions, independent expenditures. 'Public resources' include money, public employee work time, buildings, equipment, supplies. 'Used for political purpose' means: contributed to candidate, political committee/party, initiative/referendum committee; spent supporting, opposing candidate, ballot measure, gathering signatures for proposed measure, petition; excludes certain lobbying activities. Mandates civil penalties; bars government from collecting money for entity using such money for 'political purpose'/commingling it with 'political' money. Other provisions."

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who

therefore are entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). Petitioners challenge the caption, the "yes" and "no" vote result statements, and the summary.

A ballot title must contain a caption "that reasonably identifies the subject matter" of the measure. ORS 250.035(2). Petitioners assert that the caption of the certified ballot title, which focuses on the prohibition of using "public resources" to collect union dues and funds that are used for "political purposes," is inadequate because it fails to describe *who* is prohibited from doing the acts described in the proposed measure. Petitioners argue that the caption must state that the measure would prohibit organizations and individuals from collecting certain payments and spending the money collected in certain ways. Petitioners point out that, in two earlier ballot title challenges involving somewhat similar measures, this court required that the captions refer to the entities affected by the proposed measures. *See Terhune v. Myers*, 342 Or 136, 149 P3d 1139 (2006); *Nesbitt v. Myers*, 335 Or 219, 64 P3d 1133 (2003) (both holding that ballot titles for proposed measures that would affect payroll deductions must identify entities affected by measures).

The Attorney General responds that the caption is not deficient in failing to identify who would be affected by the prohibitions in the proposed measure because "the terms of the measure broadly prohibit[ ] the use of 'public resources' to collect both union dues and funds for political purposes, no matter who is doing the collecting." The Attorney General argues that the measures at issue in *Terhune* and *Nesbitt* focused "wholly on what organizations that receive money through payroll deductions may do with that money," while Initiative Petition 38 not only contains restrictions on how such money can be spent, but also flatly prohibits the use of "public resources" to collect certain money. The Attorney General thus distinguishes the cases cited by petitioners.

We agree with petitioners that the caption must be modified. In *Terhune*, *Nesbitt*, and other ballot title challenges involving measures that would restrict payroll deductions in one way or another, this court has required that the caption make some mention of the entities upon whom the

restriction will operate. In *Terhune*, for example, the certified caption provided:

"RESTRICTS USE OF PAYROLL DEDUCTIONS FOR 'POLITICAL PURPOSE' (DEFINED); REQUIRES SEG-REGATING SUCH MONEY; MANDATES PENALTIES"

342 Or at 138.

This court held that the caption was inadequate because it

"fail[ed] to disclose that the focus of the measure's restrictions and penalties is on the *individuals and organizations that collect or receive the money from payroll deductions*. It is those entities that the measure restricts from using payroll deductions for political purposes. It is difficult, if not impossible, to understand the subject matter of the measure without a disclosure that the measure will restrict the operations of those individuals and organizations."

342 Or at 140 (emphasis added). The certified caption here, like the certified caption that this court found to be inadequate in *Terhune*, describes only the prohibition and fails to mention the entities upon whom the prohibition works.

As noted previously, the Attorney General apparently agrees that, if the only effect of the proposed measure were to restrict *individuals' and entities' use* of money collected using public resources, then petitioners' claim that the caption should refer to those individuals and entities would be well taken. The Attorney General's position is that, because the measure not only would prohibit (and penalize) certain uses of funds collected, but also would prohibit any use of public resources to collect funds for such uses or to collect union dues, the caption's general reference to the prohibition of the use of public resources is sufficient. In our view, however, the fact that the proposed measure contains additional restrictions, such as the prohibition on the use of any "public resources" to collect union dues, does not justify the failure to describe the entities directly affected by the measure. The Attorney General is correct that Initiative Petition 38 would have effects beyond simply restricting the use to which individuals and entities may put money collected using public resources, as in *Terhune* and *Nesbitt*, and we are sympathetic to the difficulty of describing the various effects of the measure within the statutory word limit. However, the

Attorney General does not argue, and we do not perceive, that it would be impossible for a caption to comply with this court's statements in *Terhune* and *Nesbitt* about referring to the entities directly affected by the prohibition and also to express in general terms the other key aspects of the measure.

■ Petitioners make other arguments with respect to the caption, one of which we find persuasive. Petitioners argue that the reference in the caption to the proposed measure's prohibition on using public resources "to collect union dues and funds for 'political purposes' (defined)" may be read by voters to prohibit "funds used for political purposes" and "union dues used for political purposes." Put differently, they claim that voters will read the modifying phrase "used for political purposes" as applying to the terms "union dues" as well as to the word "funds." That reading, petitioners correctly assert, would be inaccurate, because the proposed measure would prohibit the use of public resources to collect *all* union dues, not just those union dues used for political purposes. The Attorney General responds that voters will understand the common term "dues" as referring to fees paid for membership in a particular organization and therefore will not confuse the phrase "union dues" with the separate phrase "funds used for political purposes." In our view there is a sufficient possibility that voters will interpret the phrase as meaning that the prohibition applies to "funds used for political purposes" *and* to "union dues *used for political purposes.*" Because that would be a significant error in terms of the subject of Initiative Petition 38, we conclude that the caption should be modified to avoid that potential reading.

■ ■ Petitioners also challenge the "yes" and "no" vote result statements, raising the same arguments that they make with respect to the caption. For the reasons given above, we agree with petitioners' argument that the "yes" and "no" vote result statements must refer in some way to the organizations or individuals that are prohibited from doing the acts outlined in the proposed measure. As to petitioners' argument that voters may understand the measure to apply to only "union dues for political purposes," rather than to all union dues, we disagree. In the "yes" and "no" vote result statements, the terms "union dues" and "funds for 'political

purpose' " are separated by commas—in contrast to the caption, where those two terms are joined with the conjunction "and." We do not see the same potential for voter confusion in the "yes" and "no" vote result statements as we do with respect to the caption. We reject without discussion petitioners' other challenges to those parts of the ballot title.

■    Petitioners make several arguments that the certified summary fails to accurately summarize the measure. We agree with one of petitioners' arguments. As noted above in the description of Initiative Petition 38, the proposed measure provides that a "public resource" has been "used" even if the public entity is reimbursed for the cost of using or providing the resource. The summary does not describe that aspect of the definition of "public resource." Petitioners argue that the summary should inform voters that, "even where there is no expenditure of public resources, *i.e.*[,] when the cost of such resources is reimbursed, the measure prohibitions apply." The Attorney General responds that the certified summary accurately conveys the scope of the proposed measure to voters because it describes the flat prohibition on the use for political purposes of funds collected using public resources. The Attorney General asserts that voters will understand that "any use of public resources to collect funds, without exception, triggers the restriction * * *." For the reasons that we set out in *Caruthers* (S057315), 346 Or at 579-80, we agree with petitioners.

The ballot title is referred to the Attorney General for modification.