On appellants' petition for reconsideration filed August 3, resubmitted en banc October 6, reconsideration allowed; former opinion (200 Or App 607, 116 P3d 902) modified and adhered to as modified October 26, 2005

John P. LIBERTY,
*Appellant,*

*v.*

STATE OF OREGON,
DEPARTMENT OF TRANSPORTATION,
*Respondent,*

*and*

COUNTY OF TILLAMOOK,
*Defendant.*

01-2082; A120225 (Control)

Nicklaus A. GRAHAM,
*Appellant,*

*v.*

STATE OF OREGON,
DEPARTMENT OF TRANSPORTATION,
and Parks and Recreation Department,
*Respondents.*

02-2066; A120226
(Cases Consolidated)

122 P3d 95

Brian Richard Whitehead for petition.

Before Brewer, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Schuman, Ortega, and Rosenblum,* Judges.

LANDAU, J.

---

* Rosenblum, J., *vice* Leeson, J. pro tempore.

## LANDAU, J.

Plaintiffs initiated these consolidated negligence actions against the state for personal injuries that they suffered when they fell from a path that ran from a state highway to a private recreational area open to the public. The trial court granted the state's summary judgment motion on the ground that the state was entitled to immunity under ORS 105.682, which provides immunity to owners of land opened to the public for recreational purposes. We affirmed. *Liberty v. State Dept. of Transportation*, 200 Or App 607, 116 P3d 902 (2005). In our opinion, we addressed plaintiffs' argument that the state cannot be subject to immunity under ORS 105.682 because, if immunity were to apply to injuries occurring on a path to a recreation area, that would lead to the absurd result that immunity applied to any accident occurring on a public highway to areas of public recreation. We explained that such is not the case:

> "[W]hatever might be said of the broad scope of the immunity generally conferred on public owners of property by ORS 105.682, the fact remains that the legislature has more specifically provided that, where state highways are concerned, the State Transportation Commission and Department of Transportation remain accountable for the negligent performance of their statutory obligations."

*Liberty*, 200 Or App at 619. Plaintiffs now petition for reconsideration, arguing that, in light of what we stated about the limitations of ORS 105.682, the state cannot be immune from liability in this case, because their injuries in fact occurred on a state highway.

As we explained in our former opinion, the summary judgment record demonstrates only that plaintiffs stepped from the highway over a guardrail onto an asphaltic concrete path that the state maintained for access to a nearby river and that, after recreating at the river, plaintiffs were injured while walking on that path back toward the highway. If plaintiffs' argument is that they were injured while using a state highway itself, it is their burden to establish that a state highway was the location of their injury. ORCP 47 C. Plaintiffs offered no evidence that the asphaltic concrete path

on the other side of the guardrail that ran from the highway to the river was itself part of the state highway system.

Plaintiffs argue that their complaint contains an allegation that the site of their injury was the state highway. In response to a motion for summary judgment, however, adverse parties may not rest on their pleadings, but must "set forth specific facts showing that there is a genuine issue as to any material fact for trial." ORCP 47 D; *Chamberlain v. City of Portland*, 184 Or App 487, 493, 56 P3d 497 (2002). Plaintiffs also note that the Oregon Department of Transportation owns the land where the path is located, although the Department of Parks and Recreation maintains it. The fact that the Department of Transportation owns land, however, does not mean that the land is a state highway. We reject plaintiffs' argument on reconsideration and adhere to our former decision to affirm the entry of summary judgment in favor of the state.

Petition for reconsideration allowed; former opinion modified and adhered to as modified.