Argued and submitted September 11, decision of Court of Appeals reversed;
judgment of circuit court reversed, and case remanded to circuit court
for further proceedings November 24, 2006

John P. LIBERTY,
*Petitioner on Review,*

*v.*

STATE OF OREGON,
DEPARTMENT OF TRANSPORTATION,
*Respondent on Review,*

*and*

COUNTY OF TILLAMOOK,
*Defendant.*

(CC 012082; CA A120225 (Control))

Nicklaus A. GRAHAM,
*Petitioner on Review,*

*v.*

STATE OF OREGON,
DEPARTMENT OF TRANSPORTATION,
and Parks and Recreation Department,
*Respondents on Review.*

(CC 022066; CA A120226; SC S53232)

148 P3d 909

Brian R. Whitehead, Salem, argued the cause and filed the brief for petitioners on review.

Brendan C. Dunn, Assistant Attorney General, Salem, argued the cause and filed the brief for respondents on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, Salem.

BALMER, J.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Balmer, and Kistler, Justices.**

** Riggs, J., retired September 30, 2006, and did not participate in the consideration or decision of this case. Walters, J., did not participate in the consideration or decision of this case.

## BALMER, J.

This case requires us to determine the scope of the immunity that ORS 105.682 confers on a landowner who "permits any person to use the [owner's] land for recreational purposes[.]" The specific issue is whether ORS 105.682 grants immunity to a landowner that permits persons to cross its land to obtain access to other land where those persons will engage in recreational activities. Plaintiffs were injured on defendant's land, which plaintiffs crossed to get to land where they swam and picnicked. Plaintiffs sought recovery for their injuries, and defendant moved for summary judgment on the basis of the immunity statute. The trial court granted summary judgment to defendant, holding that ORS 105.682 provides immunity to owners of land who permit their land to be used to obtain access to other land for recreational purposes. Plaintiffs appealed, and the Court of Appeals affirmed, in an *en banc* decision, holding that crossing land to access other land on which to recreate amounted to the use of land for a recreational purpose. *Liberty v. State Dept. of Transportation*, 200 Or App 607, 116 P3d 902 (2005). We allowed plaintiffs' petition for review and, for the reasons set forth below, reverse the decision of the Court of Appeals and the judgment of the trial court.

We take the facts from the Court of Appeals opinion and the record. Plaintiffs and their families drove on Highway 6 to a paved turnout along the highway near the "Fisherman's Bridge" area of the Wilson River. Plaintiffs parked their cars in the turnout area and walked along an asphalt path that is parallel to the roadway and between the road's guardrail and a chain link fence. On the other side of the fence is a steep slope. The asphalt path and the underlying land is owned by defendant, the State of Oregon Department of Transportation. Plaintiffs and their families used the path to gain access to a footbridge that crosses the river to a riverside beach area owned by Willamette Industries and Kenneth Fan Rad. Willamette and Rad had opened the beach area to the public for recreational purposes. After swimming and relaxing at the beach area, plaintiffs recrossed the footbridge and used the path owned by defendant to return to their cars. While walking on that path, the asphalt under

plaintiffs' feet crumbled and plaintiffs slid under the fence and down the steep slope approximately 40 feet, sustaining injuries.

Plaintiffs filed separate actions against defendant to recover damages for their injuries. Defendant answered that ORS 105.682 granted it immunity, moved to consolidate the two actions, and moved for summary judgment on the basis of ORS 105.682.

ORS 105.682(1) provides:

"Except as provided by subsection (2) of this section, and subject to the provisions of ORS 105.688, an owner of land is not liable in contract or tort for any personal injury, death or property damage that arises out of the use of the land for recreational purposes, woodcutting or the harvest of special forest products when the owner of land either directly or indirectly permits any person to use the land for recreational purposes, woodcutting or the harvest of special forest products. The limitation on liability provided by this section applies if the principal purpose for entry upon the land is for recreational purposes, woodcutting or the harvest of special forest products, and is not affected if the injury, death or damage occurs while the person entering land is engaging in activities other than the use of the land for recreational purposes, woodcutting or the harvest of special forest products."

The trial court succinctly stated the legal question presented by defendant's summary judgment motion as "whether the legislature intended immunity to attach to contiguous land for both the entry into and exit from recreational property." The trial court answered that question in the affirmative and granted defendant's motion for summary judgment.

Plaintiffs appealed, and the Court of Appeals affirmed. The court first determined that immunity under ORS 105.682 is available only if (1) the landowner permits any person to use the land for recreational purposes, without charge, and (2) the injury has "arisen out of the use of that land for such 'recreational purposes.'" *Liberty* at 614-15. Next, the court noted that the statute does not *define* "recreational purposes," but rather sets out, in ORS 105.672(5), a

nonexclusive list of activities that the term "includes"—a list that does not include the use of land to gain access to other land for recreational purposes on the latter property. *Id.* at 615. The court then examined the meaning of the words "recreational" and "purpose" and found that "purpose," according to *Webster's Third New Int'l Dictionary*, is " 'an aim or end,' " or " 'an object, effect or result aimed at, intended or attained.' " *Id.* at 616 (quoting *Webster's Third New Int'l Dictionary* 1847 (unabridged ed (2002)). "Recreational" means simply " 'of or relating to recreation,' " and "recreation" is defined as " 'the act of recreating or the state of being recreated.' " *Id.* (quoting *Webster's* at 1899). From those definitions, the court concluded that it "seems reasonably plausible that, when a person enters land for the purpose of gaining access to another parcel for recreational purposes, the access itself has a recreational purpose in that the end, object, result, or goal of the entry is recreation." *Id.* at 616.

The Court of Appeals also examined the legislative history of ORS 105.682 and determined that what limited evidence existed supported its interpretation of the statute. The legislature enacted the predecessor to ORS 105.682 in 1963. During the hearings on the bill to enact that earlier statute, a representative from the Oregon Farm Bureau testified that "his organization supported the bill because, among other things, 'in many cases an individual must *cross private land in order to get to public lands*; and the potential suit is always there. Such a bill [creating immunity] would relieve the landowner's mind if he allowed this.' " *Liberty*, 200 Or App at 617 (quoting Minutes, House Committee on Fish and Game, HB 1696, Apr 10, 1963, 2) (emphasis added by Court of Appeals). The court noted that no actual legislator had commented on that issue, but found that the quote indicated that legislators were aware that at least one member of the public viewed the act as providing immunity to lands used to gain access to public recreational lands. *Id.* at 617-18. The court also observed that the immunity statute had been amended on several occasions, but asserted that the legislative history of those amendments did not suggest that the legislature intended to alter the "basic thrust" of the statute.

*Id.* at 618. Accordingly, the court held that ORS 105.682 protected defendant from liability for plaintiffs' injuries. *Id.* at 619.[1]

In this court, not surprisingly, the parties reiterate the arguments that they made below, with plaintiffs asserting that the Court of Appeals erred in its interpretation of the immunity statute and defendant arguing that the Court of Appeals was correct. Because the scope of the immunity that ORS 105.682 grants to landowners is a matter of statutory construction, we begin with the text of the statute. As noted, ORS 105.682 provides, in part, that "an owner of land is not liable in contract or tort for any personal injury, death or property damage that arises out of *the use of the land for recreational purposes* * * * when the owner of land either directly or indirectly permits any person to use the land for recreational purposes[.]" (Emphasis added.) ORS 105.672(5) provides:

> " 'Recreational purposes' includes, but is not limited to, outdoor activities such as hunting, fishing, swimming, boating, camping, picnicking, hiking, nature study, outdoor educational activities, waterskiing, winter sports, viewing or enjoying historical, archaeological, scenic or scientific sites or volunteering for any public purpose project."

ORS 105.688 further defines the scope of the immunity granted to landowners by ORS 105.682 by providing, in part:

> "(1)   * * * [T]he immunities provided by ORS 105.682 apply to:

> "(a)   All public and private lands, including but not limited to lands adjacent or contiguous to any bodies of

---

[1] The Court of Appeals rejected plaintiffs' argument that application of the immunity statute would lead to the absurd result that the state could not be liable for any accidents on a public highway leading to a public recreation area. The court noted that other statutes impose obligations on the state agencies responsible for maintaining highways. *Liberty*, 200 Or App at 619. Plaintiffs petitioned for reconsideration, arguing that the path on which they were walking at the time of the accident was itself a "state highway." The Court of Appeals granted the petition, but adhered to its prior opinion because it concluded that plaintiffs had offered no evidence, in responding to defendant's summary judgment motion, that the path was part of the state highway system. *Liberty v. State Dept. of Transportation*, 202 Or App 355, 122 P3d 95 (2005). Because of our disposition of the case, we do not address that issue.

water, watercourses or the ocean shore as defined by ORS 390.605[.]"

Plaintiffs' argument is simply stated: Nothing in ORS 105.682 or in the definition of "recreational purposes" in ORS 105.672(5) refers to land that persons cross to gain access to other land for recreational purposes. Although ORS 105.682 provides immunity to a landowner for injuries incurred in the recreational use of its land, it does not expressly provide immunity to owners of land that is used only to gain access to other land in order to engage in recreational activities there. Plaintiffs contend that the Court of Appeals' conclusion—that crossing one person's property to obtain access to another person's property for a recreational purpose is, in itself, a recreational purpose—will lead to anomalous and arbitrary results, such as providing immunity to a person whose negligence injures a child on that person's sidewalk if the child was on her way to a park for a picnic.

Defendant argues that the Court of Appeals correctly concluded that ORS 105.682 grants immunity to owners of land who open their land so that persons can gain access to another owner's land for recreational purposes. Defendant asserts that, when a person crosses one parcel of land to reach or to return from a second parcel of land where the person swims or engages in other recreational activity, the person has entered and used the first parcel of land "for recreational purposes." Defendant argues that its interpretation of the statute is supported by the dictionary definitions of the statutory terms. The definition of "purpose" includes "an object to be attained" and a "result aimed at." *Webster's* at 1847 (unabridged ed 2002). The definition of "recreational" is something "relating to recreation." *Id.* at 1899. Therefore, according to defendant, "a person uses a parcel of land for a purpose related to recreation when the person uses that parcel of land with the end, aim, object or goal of reaching an adjacent parcel of land where he plans to engage in [recreation.]"

In our view, the words that the legislature used in ORS 105.682 demonstrate its intent to grant immunity to

only the owner of the land that itself is "use[d] * * * for recreational purposes," and that "recreational purposes" does not include crossing one person's land to gain access to another person's land to recreate there. We reach that conclusion for two primary reasons.

First, ORS 105.682 grants immunity only when the injury "arises out of *the use of the land* for *recreational purposes*." (Emphasis added.) That statute, of course, does not expressly grant immunity if the purpose of "the use of the land" is only to cross the land to gain access to different land on which recreation will occur, and we can reach the conclusion urged by defendant only if we determine that that "use" of "the land" constitutes a "recreational purpose." In interpreting a statute, we examine the text of the statute within its context. Here, an important part of the context of ORS 105.682 is another provision in the immunity law, ORS 105.688(1)(a), which *does* grant immunity if the injury occurs on land that is "adjacent or contiguous to any bodies of water, watercourses or the ocean shore as defined by ORS 390.605[.]" In that related statute, the legislature expressly *extended* the immunity conferred by ORS 105.682 to adjacent or contiguous land that is used to gain access to waters where the injured party intended to recreate. The fact that the legislature enacted ORS 105.688(1)(a) to provide immunity for injuries on land that is adjacent or contiguous to water— water that persons travel to for recreational purposes— strongly suggests that the legislature believed that ORS 105.682(1) otherwise did *not* extend to land that was "adjacent or contiguous" to places where persons go for recreational purposes. If the legislature similarly had intended to extend immunity to land—often, adjacent or contiguous land—that is used for *access to other land* where the person intended to recreate, it would have done so. It did not do so, and we decline to insert into the statute that which the legislature has omitted. ORS 174.010.

Second, the definition of "recreational purposes" in ORS 105.672(5) simply does not encompass a person's crossing of one landowner's land to reach another landowner's land where the person intends to recreate. Defendant contends that, under the dictionary definitions of "recreational" and "purpose," "a person's act of entering one

parcel of land so he can access or leave a second parcel where he intends to swim is itself a 'use of the land' or 'entry upon the land' that is 'for recreational purposes.' "

■ We disagree. By providing in ORS 105.672(5) that the term " '[r]ecreational purposes' includes, but is not limited to, outdoor activities such as hunting, fishing [and other specified activities]," the legislature made it clear that its list of "outdoor activities" that could be "recreational purposes" was not exhaustive. When the legislature uses "nonspecific or general phrases" as well as a list of items, this court, under the principle of *ejusdem generis*, construes the statute "as referring only to other items of the same kind." *Vannatta v. Keisling*, 324 Or 514, 533, 931 P2d 770 (1997) (stating and applying principle). *See also Lewis v. CIGNA Ins. Co.*, 339 Or 342, 350-51, 121 P3d 1128 (2005) (under *ejusdem generis* rule, court examines "basic characteristics" of enumerated items when construing more general words). With that principle in mind, we consider whether there is a characteristic trait among the "outdoor activities" listed in ORS 105.672(5) that also is shared by the act of crossing land to get to other land.

The first common trait of the enumerated items is that identified by the legislature itself: The activities all can take place outdoors. Traversing land parcel A to reach land parcel B, as plaintiffs did, is, of course, also an activity done outdoors, so it shares that trait with the listed items. But many other plainly nonrecreational activities, such as roofing a house or paving a road, also take place outdoors, so that trait does not provide any useful limiting characteristic or quality to identify which "outdoor activities" other than those specifically identified, are "recreational purposes" that come within the statutory definition.

Another common trait of the activities listed in ORS 105.672(5) is that the activities are recreational in and of themselves. With one possible exception, none of the specified activities is solely a means to a different recreational activity; each activity is an end in itself.[2] In contrast to each

---

[2] The one possible exception—an activity listed in ORS 105.672(5) that is both an end in itself as an outdoor activity and can also be a means to engage in another outdoor activity—is hiking. One can hike as a recreational, outdoor activity—an

of the enumerated activities, the defining characteristic of crossing one land parcel to gain access to another land parcel is that the act of crossing is not an end or an activity unto itself, but rather is a means to a different end. For that reason, applying the *ejusdem generis* rule, crossing land to obtain access to other land is not an outdoor activity that comes within the definition of "recreational purposes" in ORS 105.672(5).[3]

We therefore disagree with defendant and the Court of Appeals that "recreational purposes" includes crossing one land parcel to gain access to another land parcel on which one will engage in a recreational activity such as swimming. The definition in *Webster's* of "purpose" as an "object" or "aim" is one common meaning of the word, but that meaning does not answer the dispositive question in this case—it simply removes it one step. Although it is apparent that plaintiffs' ultimate "aim" or "object" in walking on the path was to swim—a recreational activity listed in ORS 105.672(5)—that conclusion only leads to a further question, "What was plaintiffs' purpose, aim, or object in entering defendant's land, which was not where the recreation was to take place?" Based on our analysis of the statute and the summary judgment record, we agree with plaintiffs that the "purpose" of plaintiffs' crossing of defendant's land was to travel to the land on which plaintiffs would engage in recreation. The

___

end in itself—and as a means to another activity, such as swimming in a mountain lake. Defendant, however, does not claim that plaintiffs had been "hiking" on its land, and the evidence in the record indicates that plaintiffs' only purpose in walking along the narrow strip of asphalt between the guardrail and the fence was to gain access to the beach and river for purposes of swimming and playing with their friends and relatives.

[3] Defendant argues that the legislative history of the 1963 version of the immunity statute supports its position because one witness testified that the statute would provide immunity from liability for injuries that occur on land that a person crossed to gain access to other land for recreational purposes. *See Liberty*, 200 Or App at 617-18 (describing that legislative history). We do not give substantial weight to that legislative history, in light of our analysis of the text and context of ORS 105.682, set forth above. Moreover, the immunity statutes were substantially rewritten in 1971 and again in 1995, and provisions that are central to our interpretation of the statute here—including the definition of "recreational purposes" in ORS 105.672(5) and the provision extending immunity to land that is adjacent or contiguous to bodies of water, ORS 105.688(1)(a)—do not appear in the 1963 version of the statute.

activity of crossing a parcel of land, by itself, is not a recreational purpose. For that reason, we hold that ORS 105.682 does not grant immunity to defendant.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.