Argued and submitted November 16, 2022, reversed and remanded July 6, petition for reivew denied October 5, 2023 (371 Or 476)

Nicole FIELDS,
an individual,
*Plaintiff-Appellant,*

*v.*

CITY OF NEWPORT,
an Oregon municipal corporation;
Spencer Nebel, an individual; and
James Guenther, an individual,
*Defendants-Respondents.*

Lincoln County Circuit Court
20CV33573; A177242

533 P3d 384

Plaintiff appeals from a judgment dismissing her personal injury claim against the city of Newport (the city) for injuries she sustained when she fell on the city's beach access trail. The trial court granted summary judgment in favor of the city based on its recreational immunity defense. Plaintiff argues first that there are issues of material fact concerning her principal use of the trail. Second, she argues that ORS 105.688(1)(c) extends recreational immunity only to unimproved access trails, and that because this trail was improved by the city for purposes of providing access to the beach, the city is not entitled to recreational immunity. *Held*: Material factual issues exist as to whether plaintiff's principal purpose in using the city's trail was recreational, and thus as to whether her injuries arose out of such recreational use. If her principal purpose was recreational, and her injuries arose out of that recreational use, then the city would be entitled to immunity under ORS 105.682(1) and ORS 105.688(1)(a). If plaintiff's principal purpose in using the city's trail was not recreational, but was instead simply to access the beach, immunity would not apply under ORS 105.682(1) and ORS 105.688(1)(a). And because there is no dispute that the city improved and maintained the trail to provide access to the beach, ORS 105.688(1)(c) does not extend recreational immunity to the city. Material factual issues exist on this record. The city was not entitled to prevail as a matter of law.

Reversed and remanded.

Marcia L. Buckley, Judge.

Jennifer L. Hunking argued the cause and filed the briefs for appellant.

Elizabeth A. Jones argued the cause for respondents. Also on the brief was Kenneth S. Montoya.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Reversed and remanded.

**MOONEY, J.**

Plaintiff sustained injuries when she slipped and fell on land owned by the City of Newport (the city). Specifically, she fell on a wooden bridge that is a part of the city's "Ocean to Bay Trail" (the trail). She appeals from a judgment dismissing her personal injury claim against the city after the trial court granted summary judgment in favor of the city on its recreational immunity defense. Plaintiff assigns error to that ruling.[1] She argues first that there are issues of material fact concerning her use of the city's land, and that when the evidence is viewed in the light most favorable to her, a jury could conclude that her purpose was not principally recreational, and that her injuries did not arise out of the recreational use of the city's land, defeating the city's recreational immunity defense. She argues second that ORS 105.688(1)(c) extends recreational immunity only to unimproved access trails, and because the city improved, designed, and maintained the trail for the purpose of accessing the beach, the city is not entitled to recreational immunity. We agree that issues of material fact exist about plaintiff's use of the trail and that the city was not entitled to prevail on its recreational immunity defense as a matter of law. We also agree that the Ocean to Bay Trail is not an unimproved access trail entitled to immunity under ORS 105.688(1)(c). But whether recreational immunity otherwise applies to the trail as land adjacent to the ocean shore under ORS 105.688(1)(a) depends on plaintiff's purpose in using the land and material issues of fact exist on that question.[2] We reverse and remand.

## I.   STANDARD OF REVIEW

This is a civil case, and the parties have the right to a jury trial. Or Const, Art I, § 17. A party against whom a

---

[1] We reject without further discussion the city's argument that plaintiff's assignment of error directed to the trial court's granting of the city's summary judgment motion is ambiguous and, therefore, out of compliance with ORAP 5.45(2) and (3). The assignment of error is, in fact, in compliance with ORAP 5.45(2) and (3).

[2] We conclude that to the extent the parties argue about plaintiff's knowledge of the slippery condition and about the city's duty of care with respect to plaintiff, genuine issues of material fact remain with respect to plaintiff's negligence claim.

claim is asserted may nevertheless move for summary judgment, but such a motion may be granted only when there is no genuine issue of material fact, and the moving party is entitled to prevail as a matter of law. ORCP 47 C. To avoid summary judgment, the nonmoving party has the burden to produce evidence on any issue raised by the moving party in its motion as to which the nonmoving party would have the burden of persuasion at trial. *F. T. v. West Linn-Wilsonville School Dist.*, 318 Or App 692, 694, 509 P3d 655, *rev den*, 370 Or 471 (2022). But the city asserts recreational immunity as an affirmative defense on which it would have the burden of persuasion at trial and, therefore, it bears the burden on its summary judgment motion. We view the facts in the light most favorable to the nonmoving party, plaintiff, and we review the trial court's decision to grant summary judgment in the city's favor, including its construction of the recreational immunity statutes, for legal error. *Stedman v. Dept. of Forestry*, 316 Or App 203, 204, 502 P3d 234 (2021). We draw the pertinent facts from the record that was before the trial court when it ruled on the summary judgment motion, and we state them in accordance with our standard of review.

## II.   THE FACTS

Plaintiff fell while she was walking home from the beach on the trail that she used to get to and from Agate Beach. The trail is adjacent to Agate Beach, an ocean shore. The city improved and now maintains the trail, which consists of a series of connected walking surfaces, including existing city sidewalks, packed gravel pathways, and wooden bridges and boardwalks. The day she was injured, plaintiff had walked on the path with her dogs and a friend in order to reach Agate Beach, as she had done on other occasions. Plaintiff and her friend socialized as they walked along the trail going to and from the beach. Once there, they recreated on the beach for a couple hours before beginning their walk back home on the same trail. As they did so, they reached a part of the trail that consisted of a wooden bridge, and as plaintiff put her foot down on it, she noticed that the bridge was slippery. Plaintiff immediately warned her friend that the bridge was slippery, and then promptly fell. As a result of the fall, plaintiff sustained a comminuted left distal tibia

open shaft fracture and a comminuted fibular fracture. In other words, her left leg was badly broken beneath the knee. Members of the rescue team also fell "where [plaintiff] had fallen" when they arrived, and they had difficulty getting their all-terrain vehicle (ATV) to her because "[t]he tires couldn't get enough traction to go up the incline[]" of the wooden bridge. The tires "would just slip."

## III.   RECREATIONAL IMMUNITY

We begin with a brief discussion of recreational immunity. The public policy underlying recreational immunity is set forth in ORS 105.676:

> "[I]t is the public policy of the State of Oregon to encourage owners of land to make their land available to the public for recreational purposes, *** by limiting their liability toward persons entering thereon for such purposes ***."

We addressed that policy statement and related legislative history in *Landis v. Limbaugh*, 282 Or App 284, 292-94, 385 P3d 1139 (2016), *rev dismissed*, 361 Or 351 (2017). We will not repeat the details of that here, other than to highlight that recreational immunity was established by the legislature as a "*quid pro quo*" policy. *Id.* at 294. *Quid pro quo* is a Latin term that means "something given or received for something else." *Webster's Third New Int'l Dictionary* 1865 (unabridged ed 2002). ORS 105.682 essentially "confers limited immunity on landowners that permit others to use their land for 'recreational purposes.'" *Kelly v. Hochberg*, 349 Or 267, 274, 243 P3d 62 (2010). The state confers limited immunity in exchange for the public's recreational use of land.

There are two fundamental determinants that "give rise to recreational immunity": "the landowners' permission to use and the public's use[.]" *Coleman v. Oregon Parks and Recreation Dept.*, 347 Or 94, 101, 217 P3d 651 (2009). The landowner's permission to use must be without charge, *id.* at 96, and the public's use must be primarily for recreation, ORS 105.682(1).

## IV.   THE KEY STATUTORY PROVISIONS

ORS 105.682(1) is the source of recreational immunity, and it provides, as pertinent:

"*** [S]ubject to the provisions of ORS 105.688, an owner of land is not liable in contract or tort for any personal injury *** that arises out of the use of the land for recreational purposes *** when the owner of land *** permits any person to use the land for recreational purposes ***. The limitation on liability provided by this section applies if the principal purpose for entry upon the land is for recreational purposes *** and is not affected if the injury *** occurs while the person entering land is engaging in activities other than the use of the land for recreational purposes[.]"

ORS 105.672(5) provides a nonexhaustive list of activities that qualify as recreational:

"'Recreational purposes' includes, but is not limited to, outdoor activities such as hunting, fishing, swimming, boating, camping, picnicking, hiking, nature study, outdoor educational activities, waterskiing, winter sports, viewing or enjoying historical, archaeological, scenic or scientific sites or volunteering for any public purpose project."

The immunity conferred by ORS 105.682(1) is made expressly "subject to the provisions of ORS 105.688," which provides:

"Except as specifically provided in ORS 105.672 to 105.696, the immunities provided by ORS 105.682 apply to:

"(a)   All land, including but not limited to land adjacent or contiguous to any bodies of water, watercourses or the ocean shore as defined by ORS 390.605;

"(b)   All roads, bodies of water, watercourses, rights of way, buildings, fixtures and structures on the land described in paragraph (a) of this subsection;

"(c)   All paths, trails, roads, watercourses and other rights of way while being used by a person to reach land for recreational purposes *** that are on land adjacent to the land that the person intends to use for recreational purposes ***, and that have not been improved, designed or maintained for the specific purpose of providing access for recreational purposes ***; and

"(d)   All machinery or equipment on the land described in paragraph (a) of this subsection."

The parties do not agree on the meaning of "recreational purposes" under ORS 105.682. The city argues

that plaintiff's principal purpose in using the trail was recreational and that the city is, therefore, entitled to recreational immunity from legal liability for her injuries. Plaintiff argues that she was using the trail primarily to gain access to Agate Beach. She likens the "activity of crossing a parcel of land, [which] by itself, is not a recreational purpose[,]" *Liberty v. State Dept. of Transportation*, 342 Or 11, 22, 148 P3d 909 (2006), to the activity of walking and argues that because recreation was not her primary purpose on the trail, ORS 105.682(1) simply does not apply and the city is not entitled to immunity.

The city argues further that ORS 105.688(1)(a) expressly extends immunity to it because the trail on which plaintiff was injured is, without dispute, situated on "land adjacent or contiguous to *** the ocean shore," and that she was using that land for recreational purposes. Plaintiff counters that ORS 105.688(1)(c) limits ORS 105.688(1)(a) by applying immunity only to unimproved trails that are adjacent to the ocean shore. The city argues that ORS 105.688 (1)(c) does not limit ORS 105.688(1)(a), that subsection (1)(c) was added to extend immunity to nonrecreational access trails, and that even if it is not entitled to immunity under subsection (1)(c), it is entitled to immunity under subsection (1)(a).

The trial court found that "[p]laintiff was walking her dog on a trail to the beach with a friend, a recreational purpose," and that "[t]he provisions of ORS 105.676 (Recreational Use Immunity) apply[]" to immunize the city from any liability to plaintiff for the injuries that she sustained while on the trail.

## V.   ANALYSIS

We begin with ORS 105.682(1) because that is the statutory source of recreational immunity. It immunizes landowners who have made their land available for public recreational use from liability for any injury that "arises out of the use of the land for recreational purposes." ORS 105.682(1). ORS 105.688(1)(a), which further defines the scope of immunity granted under ORS 105.682, extends that grant of immunity to "land, including but not limited to land

adjacent or contiguous to any bodies of water, watercourses or the ocean shore[.]" There is no dispute that the city's trail qualifies as "land adjacent or contiguous to * * * the ocean shore." The focus of the parties' arguments on summary judgment centered first on the question of whether there was evidence that plaintiff's principal purpose in using the trail was recreational. At a minimum, for ORS 105.682 and ORS 105.688(1)(a) to apply, there must be evidence that plaintiff's injuries arose out of her use of the trail for recreational purposes.

The trial court concluded that plaintiff was using the city's trail for a recreational purpose because she was walking her dogs to the beach with a friend, and therefore, the city was entitled to recreational immunity. Plaintiff argues that walking to the beach is not a recreational purpose within the meaning of the recreational immunity statutes. The city disagrees and points to plaintiff's testimony that she and her friend would often "meet up and take [plaintiff's] dogs for a walk or go on a hike on the beach" and that the purpose of such walks was "exercise[,] friendship[, and] socializing."

Determining whether there is a genuine issue about plaintiff's principal purpose in using the city's trail puts the meaning of "recreational purpose" squarely before us. That, in turn, raises a question of statutory construction requiring us to turn to the methodology set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). In using that methodology, we review the text and context of the recreational immunity statutes, as well as any relevant legislative history and helpful canons of construction. *Hathaway v. B & J Property Investments, Inc.*, 325 Or App 648, 654, 531 P3d 152 (2023). Our objective is to ascertain the meaning of the statutory provisions most likely intended by the legislature that adopted them. *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011).

ORS 105.672(5) does not exhaustively define "recreational purposes," but it does provide a nonexclusive list of "outdoor activities" that would qualify as such. Plaintiff notes that "walking" and "dog walking" are not expressly

included on the list of "recreational purposes." Hiking is included, but according to plaintiff, using the trail to get to the beach is not the same as hiking on the trail. The use of the nonspecific term "outdoor activities" in ORS 105.672(5) to describe the term "recreational purposes" along with an exemplary list of more specific activities such as "hiking," leads us to construe that provision to refer only to other, nonlisted items of the same kind under the principle of *ejusdem generis*. *Liberty*, 342 Or at 20.

The nonlisted item here, walking, like the nonlisted item in *Liberty*, crossing parcel A to get to parcel B, can take place outdoors and, thus, has that trait in common with the listed activities. The listed activities also have in common the trait that they "are recreational in and of themselves." *Id*. But walking may or may not be recreational. The term "walk" as a verb commonly means "to move along on foot: advance by steps" and "to come or go on foot without hesitation or without ceremony—usually used with a following adverb or preposition." *Webster's* at 2571 (unabridged ed 2002). "Walk" as a noun generally means "an act or instance of going on foot especially for exercise or pleasure" and an "accustomed place of walking." *Id*. Thus, walking can be a mode of conveyance by which one moves from point A to point B, and walking might also be an activity that is itself recreational, like taking a walk solely for the enjoyment of doing so. One might be accompanied by a dog on either type of walk. *Ejusdem generis*, as a contextual canon, leads us to conclude that "walking" does not fit with the list of "recreational purposes" in ORS 105.672(5) because it may or may not be recreational, depending on the circumstances.

Given the record before the trial court, viewed in the light most favorable to plaintiff, there remains an issue of material fact as to whether plaintiff's principal purpose in walking on the city's trail was recreational or whether it was simply to go to and from the beach. Plaintiff argues that, regardless, any immunity to which the city might be entitled under ORS 105.682 and ORS 105.688(1)(a) is eliminated by ORS 105.688(1)(c). In other words, plaintiff reads subsection (1)(c) as limiting ORS 105.688(1)(a) by applying

immunity only to unimproved trails that are adjacent to the ocean shore, and she reasons that because the trail at issue here is an improved trail, immunity does not apply. The city urges that subsection (1)(c) was added to ORS 105.688 to extend immunity to nonrecreational trails, in direct response to *Liberty*, and that it should not be read as reducing the immunity already conferred by ORS 105.682 and ORS 105.688(1)(a). We agree with the city on that point.

The question whether ORS 105.688(1)(c) limits, or eliminates, recreational immunity applicable to the city's trail again requires us to construe the recreational immunity statutes, and we do so employing the usual method of statutory construction that we have already described. ORS 105.682(1) expressly subjects recreational immunity to the provisions of ORS 105.688. ORS 105.688(1)(a) "extend[s] the immunity conferred by ORS 105.682 to adjacent or contiguous land that is used to gain access to waters where the injured party intended to recreate." *Liberty*, 342 Or at 19. The parties agree that the city's trail is on land "adjacent or contiguous to" the ocean shore.

Notwithstanding the broadly inclusive language of ORS 105.688(1)(a), the Supreme Court held that "crossing one person's land to gain access to another person's land to recreate there" does not itself constitute a recreational purpose and, therefore, does not entitle the owner of the land crossed to immunity under ORS 105.682. *Id.* It reinforced that holding in *Kelly*, but distinguished the facts from *Liberty*, and held that "plaintiff's ride on the BLM road was not a means of accessing recreation—the card game—but rather his activity of riding to collect the cards was part and parcel of the recreational purpose itself." 349 Or at 275. The upshot is that because "[t]he activity of crossing a parcel of land, by itself, is not a recreational purpose," *Liberty*, 342 Or at 21-22, parcels of land so crossed did not qualify under *Liberty* for recreational immunity.

The legislature added subsection (1)(c) to ORS 105.688 in 2009 in response to the Supreme Court's decision in *Liberty*, specifically to extend immunity to landowners who allow people to cross their land to access other

land where they plan to recreate. Audio Recording, Senate Committee on Rules, HB 2003, June 8, 2009, at 2:03 (statement of Rep Judy Stiegler), https://olis.oregonlegislature.gov (accessed June 12, 2023). Plaintiff does not dispute that, but she argues that ORS 105.688(1)(c), "operates as an exception to ORS 105.688(1)(a)" because, by its terms, subsection (1)(c) extends immunity only to "paths, trails, roads, watercourses and other rights of way * * * that have not been improved, designed or maintained for the specific purpose of providing access for recreational purposes[.]" The city counters that subsection (1)(c) does not limit the immunity that trail owners already enjoy under subsection (1)(a). Subsection (1)(c), according to the city, simply extends immunity to nonrecreational trails.

ORS 105.688(1)(c) was the legislature's answer to *Liberty*. It extended immunity to trails and paths used to reach other land for recreational purposes. In doing so, it expressly limited its application to trails that "have not been improved, designed or maintained for the specific purpose of providing access for recreational purposes." To simplify, ORS 105.688(1)(c) extends recreational immunity to owners of unimproved, nonrecreational trails and other rights of way. The legislative history is devoid of discussion about why subsection (1)(c) is limited in that way, but the absence of discussion is not surprising given the clear language of the provision.

ORS 105.688(1)(c) *extends* immunity to unimproved, nonrecreational access trails that, under *Liberty*, would not have qualified for recreational immunity. It is worth mentioning that limiting the immunity conferred by ORS 105.688(1)(c) to unimproved land is consistent with the *quid pro quo* exchange that justified recreational immunity in the first place—immunity conferred on the landowner in exchange for making land available for public recreational use. Once a landowner affirmatively undertakes to improve his property, the concepts of reasonable care and foreseeability shift, likely increasing the landowner's corresponding level of responsibility and increasing the value of immunity to that landowner. One might reasonably expect the legislature to revisit the *quid pro quo* arrangement when

the value exchanged on either side changes in a meaningful way.

Here, the city's trail is land adjacent to the ocean shore, and ORS 105.688(1)(a) expressly applies recreational immunity to it as such, for injuries that arise out of its recreational use. That was and is true, notwithstanding the Supreme Court's decision in *Liberty*. *Liberty* clarified only that when a person crosses land solely to gain access to other land on which the person intends to recreate, recreational immunity does not apply because using land to access other land is not a recreational purpose. When the legislature added ORS 105.688(1)(c), it did so to immunize owners of trails, paths, and other rights of way from liability when they allow such property to be used to access recreational land even though the act of gaining access over their property is not itself recreational. In other words, it extended recreational immunity to landowners who would not qualify for immunity after *Liberty* because their land is not made available for recreational purposes.

We do not perceive a conflict between ORS 105.688 (1)(a) and (1)(c). If plaintiff's injuries arose out of her recreational use of the trail, and her principal purpose in using the trail was recreational, then ORS 105.682 and ORS 105.688(1)(a) would confer immunity on the city for those injuries. If her purpose was not recreational, but was instead to access the beach, then the question would be whether ORS 105.688(1)(c) nevertheless confers immunity on the city for her injuries. But because there is no dispute that the trail was improved and maintained to provide access to Agate Beach, ORS 105.688(1)(c) would not confer recreational immunity on the city. There are genuine issues about whether plaintiff's principal purpose was recreational, and whether her injuries arose out of such recreational use. If a jury determines that plaintiff's purpose in using the trail was not recreational, but was instead to access Agate Beach for recreational purposes, then her injuries would necessarily not have arisen from a recreational purpose, and recreational immunity would not apply. Because the trail on which plaintiff fell was an improved trail within the meaning of ORS 105.688(1)(c), the city's entitlement to

recreational immunity depends on the resolution of those factual issues by a jury. The city was not entitled to prevail as a matter of law on summary judgment, and the trial court therefore erred in granting the city's motion.

Reversed and remanded.