104 February 20, 2025 No. 123

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Gail MURPHY,
*Plaintiff-Appellant,*
*v.*
CITY OF CANNON BEACH,
*Defendant-Respondent.*

Clatsop County Circuit Court
22CV41993; A181744

Beau V. Peterson, Judge.

Argued and submitted April 15, 2024.

Michael Jacobs argued the cause for appellant. On the briefs was Kristi Gifford.

Jordyn Parsons argued the cause for Respondent. On the brief was John R. Barhoum.

Before Ortega, Presiding Judge, Hellman, Judge, and DeVore, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals a general judgment of dismissal entered after the trial court granted defendant City of Cannon Beach's motion for summary judgment on the grounds that recreational immunity, ORS 105.682, barred plaintiff's claim. On appeal, plaintiff raises one assignment of error. Having reviewed the summary judgment record, we agree with the trial court's conclusion and therefore affirm.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted). In so doing, "we view the facts in the light most favorable to the nonmoving parties," and we "examine whether no objectively reasonable juror could find in their favor on the question at issue." *Id.* In making that determination, "we examine 'the pleadings, depositions, affidavits, declarations, and admissions on file.'" *Id.* (quoting ORCP 47 C).

Plaintiff filed a complaint against defendant, asserting a negligence claim and alleging that she suffered injuries while visiting Tolovana Park in Cannon Beach, Oregon. Plaintiff parked her vehicle at the park's beach access point parking lot, intending to stargaze from the beach. According to the complaint, "[a]s she walked toward the beach, Plaintiff stepped over a cement curb onto what she thought was [the] vegetation line of the park, but was instead a three-to-four foot drop into the ADA beach access ramp." Plaintiff suffered injuries from the fall that she alleged were a "direct and proximate result of defendant's negligent conduct."

Defendant filed a motion for summary judgment, arguing that the court should dismiss plaintiff's claims on two grounds. First, defendant argued that it did not own the park and therefore "had no duty toward" plaintiff. Second, defendant argued that ORS 105.682, the source of recreational immunity, barred plaintiff's claims. In response, plaintiff argued that defendant's non-ownership of the land was not dispositive, and that recreational immunity did not

apply because her purpose in using the land where she was injured was not recreational, but was instead, "to travel to the land on which [plaintiff] would engage in recreation." *See Liberty v. State Dept. of Transportation*, 342 Or 11, 21, 148 P3d 909 (2006).

The trial court ruled on the arguments separately. The court denied defendant's motion for summary judgment as it related to its argument that it did not own the park and granted the motion as it related to its argument that ORS 105.682 barred plaintiff's claims. On appeal, plaintiff makes three primary arguments as to why the trial court erred by granting defendant's summary judgment motion. We begin with her first argument.

Plaintiff argues that resolution of this case is controlled by application of *Fields v. City of Newport*, 326 Or App 764, 533 P3d 384, *rev den*, 371 Or 476 (2023). Under that case, which was decided after the trial court's decision in this case, plaintiff contends that recreational immunity does not protect defendant from liability because her injuries did not arise from a recreational purpose. That is, plaintiff argues that she was injured while walking to the beach where she intended to recreate, and that crossing land to obtain access to other land does not constitute a recreational purpose.

Defendant contends that *Fields* is distinguishable because that case considered the applicability of recreational immunity when the plaintiffs were injured on a parcel of land adjacent to the land where they intended to recreate. Here, defendant argues that plaintiff's injuries occurred at the same park, on a single parcel of land, and that her primary purpose in entering the park was recreational. Plaintiff's argument that immunity does not apply because she was not actively stargazing at the moment of her injury, defendant contends, is specifically precluded by the plain language of ORS 105.682(1).

We agree that *Fields* is distinguishable from the present case and that ORS 105.682 shields defendant from liability. It is the policy of the State of Oregon to "encourage owners of land to make their land available to the public for

recreational purposes *** by limiting their liability toward persons entering thereon for such purposes." ORS 105.676. That policy is promoted through ORS 105.682(1), the source of recreational immunity, which provides in part:

> "[S]ubject to the provisions of ORS 105.688, an owner of land is not liable in contract or tort for any personal injury *** that arises out of the use of the land for recreational purposes *** when the owner of land either directly or indirectly permits any person to use the land for recreational purposes ***. The limitation on liability provided by this section applies if the principal purpose for entry upon the land is for recreational purposes *** and is not affected if the injury *** occurs while the person entering land is engaging in activities other than the use of the land for recreational purposes[.]"

In *Fields*, we reversed the trial court's ruling that ORS 105.682(1) applied because we determined that there were genuine issues of fact as to whether the plaintiff's principal purpose for using the land was recreational, and whether her injuries arose out of that recreational use. 326 Or App at 775. The plaintiff in that case was injured walking on a trail owned by the City of Newport that "consist[ed] of a series of connected walking surfaces" that could be used to get to and from Agate Beach. *Id*. at 767. The city's trail was on land that was "adjacent or contiguous to" the land where she intended to recreate, and thus, an issue was whether a different statutory provision, ORS 105.688(1)(c) (2021), *amended by* Or Laws 2024, ch 64, § 7,[1] extended immunity to owners of the adjacent land. *Id*. at 773-74. We explained that ORS 105.688(1)(c) (2021) extended immunity to owners of unimproved land used "to reach other land for recreational purposes." *Id*. at 774. Thus, because the city's trail was on land adjacent to where she intended to recreate, we considered whether the plaintiff's purpose in using

---

[1] ORS 105.688(1) (2021) provided in part:

"(1)   *** [T]he immunities provided by ORS 105.682 apply to:

"(c) All paths, trails, roads, watercourses and other rights of way, while being used by a person to reach land for recreational purposes *** that are on land adjacent to the land that the person intends to use for recreational purposes *** provided that the right of way has not been improved, designed or maintained for the specific purpose of providing access for recreational purposes[.]"

the trail was recreational or, instead, if her purpose was to access Agate Beach. *Id.* at 771-72.

A similar analysis is not required here because plaintiff was not injured on land adjacent to where she intended to recreate. As stated in her complaint, plaintiff parked in the Tolovana Park beach access parking lot with intentions to stargaze on the beach. She was injured as she was walking from the parking lot to the beach. In other words, plaintiff parked within the land where she intended to recreate, and her injury occurred on that land. Thus, unlike in *Fields*, we need not consider ORS 105.688(1)(c) (2021) because that statute is relevant only where a plaintiff is injured on land adjacent to the land that the person intends to use for recreational purposes.[2]

The issue in this case, then, is whether, under ORS 105.682(1), plaintiff's injury arose out of her use of the land for recreational purposes. We conclude that it did. Although plaintiff was not stargazing at the moment of her injury, the

_____

[2] We understand plaintiff to argue that ORS 105.682 and ORS 105.688 are not explicit in how land may be divided for purposes of determining when land is adjacent to other land. In other words, plaintiff interprets the statutes to allow Tolovana Park to be divided into different areas of land, thereby making one area of land (the parking lot) adjacent to another area (the beach). We do not understand the statutes to permit such division.

First, ORS 105.682(1) runs contrary to plaintiff's interpretation, when it allows for the operative "land" to contain areas in which people "engag[e] in activities" that are not for recreational purposes, provided that their "principal purpose" for entering the land is recreation. That is, the language of the statute contemplates that "the land" may contain areas that are used for recreation and areas that are not.

Second, plaintiff's interpretation would interject significant confusion into the public's understanding of "land" that is "available to the public for recreational purposes." Taking the area in this case, for example, an Oregonian would not view Tolovana Park in the way that plaintiff advocates—a series of separate, side-by-side "lands" defined by their particular use, but would instead understand that the entirety of "Tolovana Park" was "the land" open to the public.

Third, plaintiff's interpretation would place an undue burden on owners who have themselves designated "the land" that they are making available to the public, because it interjects uncertainty into how "the land" could be viewed in litigation. The possibility that a court would view "the land" in a different way than the owner intended the public to view "the land" creates the real possibility of increased liability for owners, which could lead to decreased willingness to allow public use of land. Plaintiff's interpretation would thus undercut the clear legislative policy of encouraging landowners to make their land available to the public in exchange for limiting their liability towards persons using the land for recreational purposes.

"principal purpose for [plaintiff's] entry upon the land" was recreational. ORS 105.682(1); *see also* ORS 105.672(5) (providing a nonexclusive list of activities that have "recreational purposes"). As defendant argues, the limitation on liability provided by ORS 105.682(1) "is not affected if the injury * * * occurs while the person entering land is engaging in activities other than the use of the land for recreational purposes." In sum, even if plaintiff's walking across the parking lot was not for a recreational purpose, the limitation on defendant's liability was not affected because plaintiff's primary purpose in entering the land was recreational.

Plaintiff makes two additional arguments as to why recreational immunity does not limit defendant's liability. First, she argues that the ramp and parking lot where she was injured were designed and maintained by defendant for the purpose of providing public access to the beach. Under ORS 105.688(1)(c) (2021), plaintiff argues that the ramp and parking lot should be excluded from the protections of recreational immunity. Second, plaintiff contends that the immunity provided for in ORS 105.682 applies only to claims for breaches of duties that derive from landownership. In this case, plaintiff argues that defendant's duties to maintain the ADA ramp derive from its ministerial duties as a government agency and not as a landowner.

Having reviewed the record, we conclude that plaintiff failed to properly preserve either of those arguments for appeal. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *."). In its motion for summary judgment, defendant argued that plaintiff's claims were barred by ORS 105.682, and that ORS 105.688 "further provides that immunity applies to all land adjacent or contiguous to any bodies of water." Plaintiff made no mention of ORS 105.688 in her complaint, response opposing defendant's motion for summary judgment, or at the motion hearing. Nor did she make any argument to the trial court resembling the arguments that she now raises on appeal regarding defendant's duties as a ministerial agency. Accordingly, plaintiff failed to preserve her second and third arguments.

Affirmed.